## Thomas, Appellant, *v.* Connell et al.

*Public officers—Removal — Cause — Insubordination and disrespect—Discretion—Cities of the second class—Act of May 23, 1907, P. L. 206.*

1. The mayor of a city of the second class, may remove the incumbent of an office in the competitive class of the classified civil service, for insubordination and the use of profane and contemptuous language in reference to the mayor, without a hearing or trial, if he has complied with the provisions of Section 20 of the Act of May 23, 1907, P. L. 206, by furnishing such incumbent with a written statement of the reasons for his action, and given him an opportunity to answer in writing, and has filed with the civil service commission copies of such written statement and the answer thereto.

2. What constitutes ample cause for removal within the limits fixed by the Act of 1907, must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable, and for the good of the service. Insubordination and disrespect towards a superior are proper grounds for dismissal.

Argued Feb. 24, 1919. Appeal, No. 272, Jan. T., 1919, by plaintiff, from order of C. P. Lackawanna Co., March T., 1918, No. 360, overruling demurrer to return to writ of alternative mandamus in case of John H. Thomas v.

Alex T. Connell, Mayor and Arthur G. Davis, Director of Public Safety and the City of Scranton. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and KEPHART, JJ. Affirmed.

Petition for writ of mandamus.

The court overruled the demurrer to the return, and entered judgment for defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*Scragg & Scragg* and *A. A. Vosburg,* for appellant.— We contend that it is a violation of both the letter and the spirit of the statute for the director of public safety to pass upon the charges without giving the officer against whom they are preferred an opportunity to be heard in person and by such witnesses as he may desire to call: Com. v. Black, 201 Pa. 433; Field v. Com., 32 Pa. 478.

Even if there had been a legal hearing, and the charges sustained, the removal would be illegal, because the charges are not sufficient to warrant such removal under the law.

*R. S. Houck* and *Jerome K. Barrett,* for appellee.— Appellant was removed in manner prescribed by law: Owens v. Porter, 22 Pa. Dist. Rep. 707; Com. ex rel. Earnest v. Phila., 19 Pa. Dist. Rep. 615; Chism v. Blankenburg, 22 Pa. Dist. R. 46; Truitt v. Phila., 221 Pa. 331; Smarr v. Phila., 26 Pa. Dist. Rep. 246; Rosenthal v. Blankenburg, 23 Pa. Dist. Rep. 401; Rush v. Phila., 62 Pa. Superior Ct. 80.

Appellant was removed for just cause: Truitt v. Phila., 221 Pa. 331; Rush v. Phila., 62 Pa. Superior Ct. 80; Neff v. City, 23 Pa. Dist. Rep. 965.

OPINION BY MR. JUSTICE FRAZER, March 24, 1919:

In 1914 relator was appointed superintendent of the Police and Fire Alarm System of the City of Scranton

and acted in that capacity until February 11, 1918. The office was in the competitive class of the classified civil service under the provisions of the Act of May 23, 1907, P. L. 206, relating to cities of the second class.

On January 30, 1918, relator visited the office of the mayor of the city for the purpose of obtaining an interview with that official, and, upon being informed the mayor could not see him at that time, the relator referred to the chief executive in profane and contemptuous language and left the office. The day following, the director of the Department of Public Safety issued an order to the employees of the department to the effect that after twelve p. m. of that day the fire and police alarm system would be in charge of W. J. Neone, and directed the clerk of the department to post the order on the bulletin board of the police and fire alarm division. Relator secured the order from the clerk, before the latter had posted it as directed, saying he would personally see the director of public safety concerning the matter and, on the same day, returned the notice to the director accompanied by a letter in which he declined to recognize the appointee as superintendent, as he, relator, had not resigned and charges had not been preferred against him. On February 4th, the director of public safety advised relator, in writing, of the charges against him, which were insubordination in office, disrespectful reference to his superior officer, the mayor of the city, and that his original appointment was invalid. To this letter relator replied denying the charges of insubordination and disrespect to his superior, and demanded a hearing. Subsequently, on February 11, 1918, the director advised relator in writing that, having personally investigated the charges against him and found the first and second were sustained, relator was dismissed from the position of superintendent of the fire and police alarm system for the reasons stated, and on the same day the director filed with the civil service commission copies of all communications relating to the matter. Following this action by

the director, the relator filed his petition for a writ of mandamus, setting out the above facts, and alleging that neither hearing nor opportunity to refute the charges was granted him and averring his removal from office to be illegal. A demurrer to the return was overruled by the court below and judgment was entered for defendant, from which relator appealed.

Discussion of the validity of relator's original appointment to office is unnecessary as we are of opinion that, assuming his appointment was regular and he was duly qualified to exercise the rights and duties of his office, the action of the court below was proper. Section 20 of the Act of May 23, 1907, P. L. 206, provides that no officer or employee in either the competitive or noncompetitive class of the classified civil service "shall be removed, discharged or reduced in pay or position, except for just cause, which shall not be religious or political," and further that no such officer or employee shall be removed, discharged or reduced "until he shall have been furnished with a written statement of the reasons for such action and been allowed to give the removing officer such written answer as the person sought to be removed may desire. In every case of such removal or reduction, a copy of the statement of reasons therefor and of the written answers thereto, shall be furnished to the civil service commission and entered upon its records." The evident purpose of the above provision is to prevent the removal of city employees through improper motives, by making the cause of removal a matter of public record. The act contains neither express provision for further proceeding or hearing, nor apparent intention to interfere with the discretion of the head of the department, so long as the cause of removal is just and not made for either religious or political reasons. That the director of public safety followed the provisions of the Act of 1907, requiring written notice to the employee of the charges against him with opportunity to the latter to reply, is not denied. Relator merely contends he was not given opportunity

to be heard before his superior officer to properly present his case. The record contains no averment that relator made an attempt to secure a hearing before the civil service commission previous to filing his petition for mandamus. On the contrary, he voluntarily submitted his claim to the court by application for the writ. No adequate reason appears for holding that relator was denied any right under the civil service act. What constitutes ample cause for removal within the limits fixed by the act must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service: Truitt v. Philadelphia, 221 Pa. 331, 338. Insubordination and disrespect toward a superior, whose duty it is to see that the work of his department is carried on in a proper manner, are matters which, if permitted to pass unpunished, tend to demoralize the public service, and lead to general inefficiency and disloyalty among employees: Truitt v. Phila., supra, 343. We find no cause for interfering with the conclusion reached by the court below.

The judgment is affirmed.