See also the next case.

---

# Commonwealth ex rel. v. Philadelphia et al., Appellant.

*Municipalities—Employees—Dismissal—Cities of the first class —Act of June 25, 1919, P. L. 581.*

1. The legislature has ample authority to determine the manner in which city employees may be dismissed.

2. Subject to the limitations expressly imposed by statute, the proper executive officers may discharge their employees.

3. In cities of the first class, under the Act of June 25, 1919, P. L. 581, all that is necessary to discharge a classified employee by a head of department, except in certain specified cases, is due notice of the charges made with the opportunity to answer within five days, followed by the filing with the civil service commission of copies of the written statement.

4. What constitutes ample cause for removal within the limits fixed by the act must necessarily be largely a matter of discretion

on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee, not religious or political, and such as to render him unfit for the position he occupies.

5. Where a classified employee is dismissed by a chief of department for failure to perform the duties of his office, a mere averment in his answer to the charge submitted to him, that he was dismissed for political reasons, does not make necessary a court proceeding to determine the correctness of such assertion.

*Mandamus—Answer—Traverse—Reply or plea—Default—Act of June 8, 1893, P. L. 346—Practice, C. P.*

6. If a defendant appears in a mandamus suit brought under the Act of June 8, 1893, P. L. 346, and fails to answer, judgment of nil dicit or by default, may be entered, with the result that the averments of the plaintiff may be taken as true; but if an answer is filed and this is traversed, a reply or plea to the traverse is not required, if no attempt to set up new matter is made.

7. Even if the joinder of issue was not deemed complete, the court could not of its own motion proceed to declare a default, but would by rule or otherwise require defendant to file any further plea necessary.

8. Though parties will not be forced to trial without formal joinder of issue, yet they may so proceed, if they elect, and judgment entered subsequently will not, under such circumstances, be set aside.

Argued January 17, 1922. Appeal, No. 118, April T., 1922, by defendants, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1920, No. 6583, for plaintiff, on pleadings, in case of Commonwealth ex rel. Frank Remmlein v. City of Philadelphia, Frank H. Caven, Director of Public Works and Frederick J. Shoyer, Treasurer. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for mandamus. Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff on pleadings. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Marshall A. Coyne,* Assistant City Solicitor, with him *H. Eugene Hein,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellant.—Where the legislature has created a tribunal for the purpose of considering the dismissal of employees, in the absence of such fraud or deceit as ordinarily will vitiate any procedure, the finding is final and conclusive: Rush v. Phila., 62 Pa. Superior Ct. 80; Gallagher v. Blankenberg, 248 Pa. 394; Koester v. Phila., 46 Pa. Superior Ct. 110; Casper v. Phila., 55 Pa. Superior Ct. 266; Com. v. Smith, 25 Pa. Dist. R. 701; Truitt v. Phila., 221 Pa. 331; Com. v. Phila., 232 Pa. 5.

The court having dismissed the motion to supersede or quash the writ, and having ordered the defendants to make a return thereto, a return having been duly made, and a traverse filed, there was nothing before the court upon which it could base a judicial finding: Kell v. Rudy, 1 Pa. Superior Ct. 507.

*Paul Reilly,* for appellee.

OPINION BY MR. JUSTICE SADLER, March 20, 1922:

The relator, Frank Remmlein, was appointed in 1916 chief engineer of the Lardner's Point Pumping Station, in the City of Philadelphia, after examination by the Civil Service Commission, and continued in this employment until 1920. On September 8th of that year, the chief of the water bureau recommended to the director of public works that he be discharged for many good and sufficient reasons. A copy of the complaint was duly served on September 11th, with the request that an answer to the charges be filed within five days. On the 22d an answer was forwarded in which many of the derelictions set forth were denied; the correctness of some was admitted, with the explanation that the failure to perform was due to matters over which he had no control, and it was also claimed that his suggested removal was for political reasons. Prior to the filing of this an-

swer, more than five days having elapsed, Remmlein was formally notified of his discharge. Later, a request for reinstatement was made, and the refusal to so order was followed by a petition for a writ of alternative mandamus. The city moved to dismiss the application, averring no legal reason had been advanced which would justify the requested order. The court below, declining to quash the writ, directed that an answer be filed and this was done within the time fixed. The return was traversed by the petitioner, and issue was joined.

The learned court below entered judgment for the plaintiff on the pleadings, though no demurrer to the answer had been filed. It was of the opinion that Remmlein could not be dismissed from service without a hearing by the Civil Service Commission, as provided in the second paragraph of section 18, article XIX, of the Charter Act (June 25, 1919, P. L. 581). In so holding, the fact was overlooked that such procedure is required only in the case of firemen and policemen, and the relator was not employed in such work. He was in the classified service, as defined by the statute (Act of 1919, article XIX), and could be removed from his position in the way therein provided. Section 18 directs: "No officer, clerk, or employee in the classified civil service of such city shall be removed, discharged, or reduced in pay or position, except for just cause, which shall not be religious or political. Further, no such officer, clerk or employee shall be removed, discharged or reduced, except during the probationary period until he shall have been furnished with a written statement of the reasons for such action and been allowed to give the removing officer such written answer as the person sought to be removed may desire." It is to be noted that no provision is made for formal hearing on the charges preferred, though police or firemen may demand this by the terms of the 2d paragraph of the same section.

The legislature has ample authority to determine the manner in which city employees may be removed (Duffy

**v. Cooke, 239 Pa. 427; Com. v. Black, 201 Pa. 433), and it has undertaken to fix the procedure to be followed. Subject to the limitations expressly imposed (Truitt v. Phila., 221 Pa. 331), the proper executive officers may discharge. All that is necessary, except in certain specified cases, is due notice of the charges made, with the opportunity to answer within five days, followed by the filing with the Civil Service Commission of copies of the written statement, with the reply: Com. v. Phila., 232 Pa. 5. "What constitutes ample cause for removal within the limits fixed by the act must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service": Thomas v. Connell, 264 Pa. 242, 246.**

**The specifications of misconduct in the present case fully justify the director in dismissing the relator. Though he now insists upon the right to a hearing,—a privilege not granted by the legislation applicable to his case, as we have shown,—yet no averment is made that he has at any time asked for an investigation by the Civil Service Commission, and it appears he did not even reply to the director of public works within the time fixed by the act. The legislature has seen fit to vest the exclusive decision as to dismissal of the classified employee,—other than police or firemen,—in the head of the department; the power to determine the merits of the charges specified is lodged in him, and, in the present case, the action taken cannot be properly criticised. "All that the appellee had the right to under this section is that the cause assigned shall be a just one, not religious or political, and the reasons given in this case are ample, if true, to justify the [dismissal]. Neither the court below nor this court is charged with an inquiry into the truth or falsity of the cause alleged": McCoach v. Phila., opinion handed down herewith [the preceding case].**

Counsel for the appellee frankly admit the court below was in error in the reason given for its decision, but insist that the judgment should be affirmed on another ground. Section 16 of the Charter Act expressly provided that removals may not be had "because of [the employee's] political or religious opinions or affiliations," and section 18 expresses the same thought. In the answer filed by Remmlein, and transmitted to the director, as well as in the petition for the writ of alternative mandamus, it is averred that he was dismissed for political reasons,—a fact denied by the reply filed by the city. An examination of the complaints of inefficiency made by the director shows the relator's averment to be untrue. Failure to perform the duties of his office, in many particulars, furnished ample reason for the dismissal. An intolerable situation would arise, should it be held that a mere allegation of religious or political prejudice made necessary a court proceeding to determine the correctness of such an assertion, where charges of dereliction of official duty are fully set forth, which, if true, require the removal of the employee from his post. Such is the situation here.

The argument is now advanced that there is an admission by defendant that the discharge of plaintiff was for political reasons, and, therefore, the illegality of the removal is apparent, making necessary his reinstatement. It is contended the defendant failed to properly deny the allegation made in the petition, by omitting to plead, after traverse filed, and the court was therefore justified in entering judgment of nil dicit, or by default, with the result that the averments of the plaintiff are to be taken as true. If a defendant appears in such a proceeding, and fails to answer, such judgment may be entered (Act June 8, 1893, section 16, P. L. 346; 1 Troubat & Haley Practice, 6th ed., 491) ; but the court, in the present case, did not do this, nor could it have so acted, in view of the filing of the answer, which was subsequently traversed and issue joined. Appellant argues, however, that the

second sentence of section 15 of the Mandamus Act (June 8, 1893, P. L. 346) requires a reply or plea to the traverse filed. Evidently the words as there used are intended to protect a defendant if an attempt is made to set up new matter therein,—a situation which does not appear in the present proceeding. That the joinder of issue is considered complete, under the circumstances as disclosed here, is shown by an examination of our cases: Roth v. East Connellsville Coke Co., 242 Pa. 23. Even if the contrary was true, the court could not proceed of its own motion to declare a default, but would, by rule or otherwise, require the defendant to file any further plea necessary. Though parties will not be forced to trial without formal joinder of issue, yet they may so proceed, if they elect, and the judgment entered subsequently will not, under such circumstances, be set aside: Beale v. Buchanan, 9 Pa. 123; Com. v. Warwick, 185 Pa. 623.

There was no admission under the pleadings, in the present case, that Remmlein was removed for political reasons. On the contrary, the specifications show the basis of the director's action, and it was sufficient. "The matter was one for the appointing power alone, where, as here, there was a just cause stated, not religious or political, a written statement thereof given to the [relator] and he allowed to give a written answer thereto": McCoach v. Phila., supra. If the fact alleged was controlling,—but we think it was unimportant in view of the many legal reasons appearing in the charges filed and acted upon by the director,—still the judgment could not be affirmed, for the filing of the traverse would have made necessary the disposition of the question by a jury: 26 Cyc. 470; 18 R. C. L. 347. Such course was not required at common law, but is now in Pennsylvania, as in other civil actions: Williamsport v. Water & Gas Co., 232 Pa. 232, 244; Kell v. Rudy, 1 Pa. Superior Ct. 507; 2 Spelling on Injunctions 1454. It is clear that the order made in this case cannot be sustained, and the judgment entered must be set aside.

The order granting the plaintiff's petition for a writ of peremptory mandamus is reversed at the costs of the appellee.

CONCURRING OPINION BY MR. JUSTICE KEPHART:

My view of the question raised in this appeal is adverted to in the dissenting opinion in McCoach v. City of Philadelphia, and concerns the right of an employee discharged or removed to some sort of a hearing under the civil service section of the Charter Act. Section 18 of article XIX has been quoted at length in the opinion of the court, and, as stated in the McCoach case, the head of a department cannot summarily discharge a city employee without an investigation instituted by the proper authorities, to determine its fairness.

Section 18, standing alone, does not deprive a city employee of the right to a trial before dismissal,—if Judge MESTREZAT'S opinion in Truitt v. City of Phila., 221 Pa. 331, means anything. That civil service act was much weaker than the present one, even if it was characterized (page 339) as "an emphatic declaration by the legislature prohibiting the removal of any employee except as authorized by its provisions." We further held that, "before the removing officer exercises his authority to dismiss the employee, the former must give to the latter a written statement of the reasons for his intended action." He "must state specifically in writing the cause or causes of the unfitness or incompetency of the employee......This is a condition precedent, imposed by the statute, before the removing officer can dismiss the employee from the service. It is mandatory, and the failure of the officer to observe this provision of the act will render the employee's removal as abortive as if no cause had been assigned. The purpose......in requiring a written statement......is that he may have an opportunity *to meet and refute the allegations of incompetency, unfitness or unfaithfulness.*"

That jurist further commented on the language of the earlier statute, and, in this particular, it is substantially the same as in the City Charter Act. But our enactment goes much further in authorizing the Civil Service Commission to adopt rules wherein the "just cause" assigned for the dismissal of an employee may not only be investigated, but required to conform to the definition given by former Judge SULZBERGER in Owen v. Porter, 22 Pa. Dist. R. 707, 709, et seq.; and Judge FRAZER in Thomas v. Connell, 264 Pa. 242, 246, but, under these rules and regulations that have the force and effect of a statute, supplementing the first paragraph of section 18, appellee has an opportunity to have his case fairly determined by some tribunal.

My concurrence in the judgment is based upon the assumption that the employee, instead of submitting his case to the court by way of mandamus, should have appealed to the Civil Service Commission under the civil service rules; a procedure is there provided under which his complaint could have been heard; then, if the head of the department removed the officer in defiance of what this court said in Truitt v. City of Phila., the Civil Service Commission could redress the wrong. This is his only remedy under that paragraph. He did not follow such course, but went directly to the court by way of mandamus,—on a matter involving the exercise of a sound discretion, based upon relevant substantial facts, and where, as we have said, the legislature pointed out another way to cure any evil through the chief disciplinary authority over the employees of the City of Philadelphia, the Civil Service Commission.