## Sailer *v.* Philadelphia et al., Appellants.

*Municipalities—City of first class—Public employees—Foreman in charge of city hall elevators—Dismissal—Director of public safety—Discretion—Act of June 25, 1919, P. L. 581.*

1. A foreman in charge of the elevators in the city hall of a city of the first class may, under the Act of June 25, 1919, P. L. 581, be dismissed by the director of public safety for a cause not religious

or political, but personal to himself and affecting his public duties, if proper notice of the charges has been given to him.

2. In the absence of evidence showing abuse of power or that the dismissal was, in fact, based on causes other than those stated and for reasons unconnected with the fitness of the employee to fill the position he occupied, the court cannot substitute its discretion for that of the head of the department in making the dismissal.

Argued February 1, 1922.   Appeal, No. 144, Jan. T., 1922, by defendants, from order of C. P. No. 2, Phila. Co., June T., 1920, No. 9726, awarding writ of mandamus, in case of William Sailer v. City of Philadelphia, J. Hampton Moore, Mayor, and James T. Cortelyou, Director of Public Safety.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Petition for mandamus.   Before ROGERS, J.

The opinion of the Supreme Court states the facts.

Petition granted: 30 Pa. Dist. R. 565.   Defendant appealed.

*Error assigned* was order, quoting it.

*M. A. Coyne, William J. Elliott,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellants.

*J. Washington Logue,* with him *Francis Shunk Brown,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 27, 1922:

Plaintiff was employed as foreman in charge of the elevator starters and operators in City Hall, Philadelphia, the elevators being under the control of the director of public safety.   On April 27, 1920, plaintiff was notified by the director of his discharge because of neglect and failure to perform his duties and for inadequate supervision of the various starters and operators.   He replied in writing denying the charges.   Following his discharge,

plaintiff filed a petition for mandamus to compel reinstatement and, after hearing, the court below held the evidence offered to sustain the charges insufficient to show just cause for dismissal and ordered that plaintiff be reinstated. The city appealed.

It is conceded plaintiff was within the classified civil service provided by article XIX, section 18, of Act June 25, 1919, P. L. 581, which provides that no officer, clerk or employee in the classified service shall be removed or discharged except for just cause, which shall not be either religious or political and that before such officer or employee can be deprived of his position he must be furnished with a written statement of the reasons for such action with an opportunity to reply and, in case of removal, a statement of the reasons with the written answer shall be furnished to the Civil Service Commission and entered upon its records. We need only determine whether the director of public safety had just cause for removing plaintiff from office.

In support of the reasons given for the removal of plaintiff the director testified that the chief of the electrical bureau, plaintiff's superior officer, made complaints to him concerning plaintiff, charging the latter with neglect of duty and lack of supervision of the men under his command and that he also received complaints from other persons concerning the lack of supervision of the elevator force. As a result of these complaints the chief of the bureau was directed to prepare the necessary specifications or charges which formed the basis of his act in dismissing plaintiff. The chief of the bureau likewise testified to having received numerous complaints concerning plaintiff about which he frequently spoke to him but without resulting in improvement of the elevator service and that he accordingly prepared the complaint on which the head of the department based the dismissal. While this evidence is denied by plaintiff the charges form sufficient basis for the action of the director in dismissing petitioner, and, in absence of evidence tending

to show abuse of power, or that the dismissal was, in fact, based on causes other than those stated and for reasons unconnected with the fitness of plaintiff to fill the position he occupied, the court was not justified in substituting its discretion for that of the head of the department. The limitation on the power of the court in such case is discussed in Arthur v. Philadelphia [the preceding case], the opinion in which is filed herewith.

The judgment of the court below is reversed and the petition dismissed at costs of appellee.

See also the next case.