# Shellenberger *v.* Warburton et al., Appellants.

*Public officers—Discharge—Notice—Municipalities—Mandamus—Act of June 25, 1919, article XIX, section 18, P. L. 620.*

1. A notice of discharge to a member of the classified civil service of Philadelphia need not be made with the certainty of a bill of indictment, nor contain a rescript of the facts on which the discharging officer's knowledge is based.

2. Such notice is sufficient if it points to some specific law that has been violated, without going into details.

3. In mandamus proceedings, brought by an employee discharged on such notice, the court is not concerned with the truth or falsity of the charge.

4. In discharging an employee, it would be better practice for the head of the department to give the accused definite and specific information as a matter of justice and right, but the Act of June 25, 1919, article XIX, section 18, P. L. 620, relating to such discharge, does not require it.

5. Efficiency is maintained through strict discipline; if the power to discipline is taken away, efficiency for most purposes is lost.

Argued January 21, 1924.. Appeal, No. 90, Jan. T., 1924, by defendants, from order of C. P. No. 1, Phila. Co., Dec. T., 1922, No. 7796, awarding peremptory mandamus, in case of Edward H. Shellenberger v. Barclay H. Warburton, Director of Department of Public Wel-

fare et al.   Before MOSCHZISKER, C. J., WALLING, SIMP-
SON, KEPHART and SCHAFFER, JJ.   Reversed.

Petition for mandamus.   Before McDEVITT, J.
The opinion of the Supreme Court states the facts.
Mandamus awarded.   Defendant appealed.

*Error assigned* was, inter alia, order, quoting it.

*Marshall A. Coyne,* Assistant City Solicitor, with him
*David J. Smyth,* City Solicitor, for appellants.—The
specification for discharge was sufficient and ample under
the law, and therefore the action of the director of the
department cannot be reviewed : McCoach v. Phila., 273
Pa. 317; Arthur v. City, 273 Pa. 419; Patton ·v. City,
273 Pa. 427; Sailer v. City, 273 Pa. 424.

*J. Washington Logue,* for appellee.—The discharge
was unlawful for the reason that no just cause for dis-
charge was set forth in the notice of intended discharge:
Truitt v. Phila., 221 Pa. 331; Porter v. Caven, 30 Pa. D.
R. 101; Com. v. Hasskarl, 21 Pa. D. R. 119; Rosenthal
v. Blankenburg, 23 Pa. Dist. R. 401.

OPINION BY MR. JUSTICE KEPHART, March 10, 1924:
Appellee was a member of the classified civil service
of the City of Philadelphia, employed as a steward in
the Bureau of Charities and Correction in the Depart-
ment of Public Welfare.   He was notified in writing of
his intended discharge.   The reason in the notice read
"political activity contrary to section 23, article XIX,
P. L. 1919," with the specification, "you have been politi-
cally active according to your own admission, and after
your attention had been called to section 23, article XIX,
P. L. 1919, by your superior officer, in the presence of
others, you expressed an intention to continue to be
politically active, contrary to the stipulation of the act

of assembly." To the charge, it was replied, "I deny that I have engaged in any political activity," and to the specification "I deny that I have made any admission of political activity on my part to any person or persons, and I further deny that I have expressed an intention to continue to be politically active......Therefore I now make demand for an immediate hearing of this said above charge."

The Civil Service Commission was without power to proceed in such case; it accordingly refused a hearing; whereupon appellee petitioned the court below for a writ of mandamus, which was granted; this appeal followed. The sole question presented and urged here is, the charge and specifications did not contain sufficient information to warrant a discharge.

Section 18 of article XIX of the code (1919, P. L. 581, 620) provides that no employee in the classified civil service shall be discharged except for just cause, which shall not be religious or political, and shall not be discharged until he is furnished with a written statement of the reasons, and has been permitted to give the removing officer a written answer. In all such cases the reasons and the answer shall be given to the Civil Service Commission for record as a public document. We pointed out in McCoach v. Phila., 273 Pa. 317, the difference between the part of the section applicable to this class of officers and the one governing police officers and firemen. While the evident purpose of the article was to prevent the removal of city employees from improper motives, there is nothing in the act which specifically defines or determines the form of notice to be given an employee in the classified service. Any sufficient reason which moves the conscience of the governing head is ground for discharge. There is no limitation as to the reason which may form the basis of just cause, except that it may not be religious or political, and it should be one that, in the official's judgment, renders the accused unfit for service

(Truitt v. Phila., 221 Pa. 331, 338; Thomas v. Connell, 264 Pa. 242, 246),—a very slender thread on which to hang any right. The legislature did not provide a tribunal to review the acts of the removing officer; in fact, with the limitation just mentioned, he is the sole judge as to the sufficiency of the reason.

As neither this nor the preceding act provides for trial on the merits, the notice which the accused must receive need not be as clear a specification as would otherwise be required if he were compelled to go to trial: McCoach v. Phila., supra, 321. Due notice of the charges made is all that is necessary: Com. v. Phila., 273 Pa. 332, 336.

While it would be better practice for the head' of the department to give the accused definite and specific information as a matter of justice and right, the legislature does not require it. A brief outline of facts to support the discharge is not necessary,—it is only necessary that it may be seen, from an inspection of the charge and specifications, the cause was just and not for religious or political reasons.

A notice referring to acts constituting a violation of a statute, expressly enacted as a part of the discipline for these employees, can hardly be said to be insufficient. The law states its violation should be met by dismissal. The section named above recites many different kinds of political acts, but it deals generally with political activity, and, in using the language quoted as a reason for dismissal, the director covered the ground. It shows on its face the reasons were personal to the officer,—not religious or political.

It was not intended the truth of the specification or charge should be tested by mandamus. The court cannot substitute its judgment, as to what should be just cause, for that of the city authority, unless there is a manifest abuse of discretion; the legislature has expressly confided final action to the latter. The court is

not concerned with the truth or falsity of the accusations.

If the charges are true, of course, under the act, the appellee was not fit to hold the position of steward; if untrue, he is unfortunate, in so far as retaining his position is concerned; as to it, he is without redress. While care should be taken to protect the men in the employ of a municipality under civil service, too much stress cannot be laid on the efficiency necessary through strict discipline; if the power to discipline is taken away, efficiency for most purposes is lost.

When appellee acknowledged he had been politically active, assuming that he did, he not only openly defied the director in the enforcement of discipline, but deliberately asserted the violation of an act of assembly and indicated his intention to continue to violate it. When notified of the charge against him, he did not ask for specific facts; no doubt he knew very well what the facts were; it is only when the case gets into court on mandamus that we hear anything about specific charges.

The notice need not be made with the certainty of a bill of indictment or a rescript of the facts upon which the officer's knowledge is based; it is sufficient if, as here, it points to some specific law that has been violated, without going into details. As already said, the court is not concerned with the truth or falsity of the charges. It may be a great power lodged in an officer, but, as this court has observed before, that is a legislative matter and it is in some way absolutely essential to the successful conduct of municipal government.

The court below was in error in substituting its judgment for that of the head of the department.

The order directing the mandamus to issue is reversed, the demurrer is sustained, and the proceedings dismissed at the cost of appellee.