## Bell v. City of Philadelphia et al.

*Mercer L. Lewis*, for plaintiff; *Joseph P. Gaffney*, for defendants.

MARTIN, P. J., Aug. 22, 1928.—A petition was filed by Alexander Bell, alleging that on or about March 17, 1917, he passed the Civil Service examination and entered the service of the City of Philadelphia as a police officer, and was assigned to the 28th and other police districts of the city; that on March 17, 1926, a letter from the Civil Service Commission notified him that his petition for reinstatement had been refused, and that the decision was final, which was the first official notice he received that he had been discharged from the Police Department. The petition further alleged that on about Aug. 17, 1923, while off duty, he was arrested, charged with attempted burglary, and was suspended and ordered for trial before the Civil Service Commission upon charges of conduct unbecoming an officer, with the specification that at 1.30 A. M. on Aug. 3, 1923, while off duty, he was seen acting in a suspicious manner in the neighborhood of 15th Street and Girard Avenue by Patrolman Henry J. Hoy, who had been attracted by his suspicious action in the 1400 block of Girard Avenue, and when accosted by the patrolman at No. 1508 Girard Avenue, while trying to force or remove a front window screen, he disclosed his identity to the patrolman, but refused to answer, after repeated inquiries, as to the reasons for his improper actions; that on Aug. 28, 1923, he was brought to trial upon the charge, and the case was held under advisement awaiting his trial in court, he having been arrested and indicted; that on Oct. 9th he was tried in the Court of Quarter Sessions, charged with attempted burglary; and after all the witnesses the Common-

wealth produced had been heard, petitioner was found not guilty and fully exonerated by the judge and jury; that he had remained suspended since Aug. 4, 1923; that after his acquittal in the Court of Quarter Sessions, he immediately demanded reinstatement to his position as patrolman from which he had been suspended, and continued the demand by letter and otherwise until June, 1924, when he was advised that a rehearing would be granted on June 24, 1924; that he and his witnesses appeared before the Commission on that date for the purpose of the rehearing, but he was refused the privilege of testifying, or offering any testimony, or of having any of his witnesses heard, and after the witnesses for the prosecution were heard, the meeting was adjourned and the matter held under advisement; that petitioner heard nothing further for several months, but continued to demand that he be given an opportunity to be heard; that on May 5, 1925, he received a letter from the Commissioners stating that their records showed he had not filed with the Commission a formal petition requesting a reinstatement, and if he was still desirous of being reinstated, it would be necessary for him to file with the Commission at once a formal petition in affidavit form, sworn to before a notary public, and that no rehearing would be granted until such a petition was filed; that immediately upon receipt of this communication petitioner filed with the Commission a formal petition, notwithstanding he had never been discharged and was still under suspension, the Commission still holding his case under advisement, and from the time he filed the petition on May 5th he was never given a rehearing, nor permitted to produce proof of his right under the Civil Service Act to be returned to the Police Department; that he has been "dropped" from the service of the Bureau of Police; that no charges have been filed against him since the charge set forth upon which he was acquitted in the Court of Quarter Sessions; that he was suspended on the same charge pending his trial in court, and since the trial he has been given no rehearing with the right to be heard in his own defense or to produce his witnesses before the Civil Service Commission in any proceeding arising out of his dismissal from the service of the Bureau of Police; that since his association with the Bureau of Police and Department of Public Safety he has served in various police districts and faithfully performed his duties in accordance with the rules and regulations of the bureau and in compliance with the law; that he believes and avers that he has been illegally and unlawfully removed from the service of the Bureau of Police, Department of Public Safety, and that he is now and has at all times been ready and willing to perform his duties and obligations as a police officer, and that he has been and is being unlawfully and illegally deprived of his right to perform said duties by the action of the director in refusing to continue him in the service of the Bureau of Police, and he is unlawfully being deprived of his right to fill the position of patrolman in the Bureau of Police, or to perform the duties and to receive the pay, and that he is without adequate and specific remedy at law.

The petitioner prays that an alternative mandamus be directed to the Civil Service Commissioners to show cause why they should not restore to the Civil Service list the name of petitioner as patrolman in the Bureau of Police, and for an order certifying that petitioner is entitled to the office of patrolman, and directing the Director of Public Safety to show cause why he should not forthwith designate petitioner as patrolman and assign him to duty, and to the Mayor of the City of Philadelphia to show cause why he should not see that petitioner is designated as patrolman in the Bureau of Police and assigned to duty.

A rule was granted. A return was filed on behalf of respondents, in which it was averred that on Aug. 17, 1923, charges were preferred against petitioner, charging him with conduct unbecoming an officer on Aug. 4, 1923; that he was suspended on Aug. 6, 1923, notified of the charges made against him, and a hearing was held, at which he was present and represented by counsel, by the Civil Service Commission, on Aug. 21, 1923, when and where, after he took the stand and testified and presented witnesses, he was found to have been guilty of conduct unbecoming an officer—in peeping into the bedroom of a woman after midnight—and the Director of Public Safety was directed that petitioner be separated from the service as of Sept. 15, 1923. Notice to this effect was sent to the director on Sept. 17, 1923, and the petitioner was notified that on Sept. 15, 1923, he was discharged from the service as a police officer. It is averred in the return that no official notice to petitioner was required, as he had personal knowledge of all that transpired in his case. It is admitted that petitioner was tried in the criminal court on the charge of attempted burglary and acquitted, but it is averred that his acquittal did not exonerate him of the charge of conduct unbecoming an officer, in so far as the proceeding before the Civil Service Commission was concerned, and that he was discharged from the service when convicted of the charge of conduct unbecoming an officer. It is admitted that demand had been made by petitioner for reinstatement, and averred that the Civil Service Commission, within their judgment and legal right, after he personally appeared before the Commission, did not consider him a proper person to be reinstated as a patrolman, and, therefore, refused to reinstate him. It is denied that the matter was held under advisement, and averred that it was finally determined on June 24, 1924, and the Director of Public Safety notified on June 28, 1924. It is further averred that at the time the formal petition for a rehearing, referred to in the petition for the mandamus, was filed, petitioner had already been discharged; that he was not under suspension, and the Commission had finally determined his case as of Sept. 15, 1923. It is averred that the charges against him were properly presented, a hearing held and a determination reached before the Civil Service Commission, and that on Aug. 21, 1923, petitioner was found guilty of conduct unbecoming an officer, and on Sept. 15, 1923, he was separated from the service. It is denied that petitioner served faithfully and performed his duty in accordance with the rules and regulations while in the Bureau of Police, and averred that his conduct was such as to meet with the disapproval of his superior officers, and that he was an unsatisfactory officer in the service of the city. It is further averred that the action of the Civil Service Commission was legal and lawful, and that the petitioner has not been deprived of any of his rights, and that he has no complaint against respondents which, in either law or equity, has a basis for interference by the court.

The case proceeded to a hearing. Petitioner testified that he passed the Civil Service examination on March 17, 1917, commenced his employment as a patrolman in the Police Department of the City of Philadelphia, and that he was arrested on a charge of burglary and suspended on Aug. 4, 1923.

He was asked by his counsel: "You were charged with breaking and entering, or attempting to remove a screen at No. 1508 Girard Avenue; did you attempt to remove any such screen at No. 1508 Girard Avenue?" to which he responded, "No, sir." The record of the specific charge tried before the Civil Service Commission, in which petitioner was charged with conduct unbecoming an officer, was placed in evidence on behalf of petitioner.

Counsel for respondents placed in evidence the entire record of the trial by the Civil Service Commission, including the evidence.

It was argued on behalf of petitioner that he having been acquitted in the Court of Quarter Sessions of the charge of attempted burglary, the Civil Service Commission had no authority to try him on the charge of conduct unbecoming an officer. He may have been guilty of conduct unbecoming an officer, although he was not guilty of attempted burglary. He was tried in the Court of Quarter Sessions for attempted burglary and acquitted of that charge; the criminal court did not pass upon a charge of conduct unbecoming an officer. The Civil Service Commission tried him upon the latter charge and found him guilty, after a hearing in which he was present with his witnesses and represented by counsel. The proceedings were regular in every detail.

This court will not review in mandamus proceedings the exercise of discretionary powers vested in the Civil Service Commission to try issues arising out of the charges that were made against the petitioner and tried by the Commission.

The findings of the Civil Service Commission are final and conclusive: McCoach *v.* Philadelphia, 273 Pa. 317; Com. *v.* Philadelphia, 273 Pa. 332.

And now, to wit, Aug. 22, 1928, the rule for peremptory mandamus is discharged.