## Smith, Appellant, *v.* Philadelphia.

Argued November 24, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

504

*Wesley H. Caldwell,* with him *Michael Saxe,* for appellant.

*T. B. K. Ringe, G. Coe Farrier* and *Ernest Lowengrund,* Assistant City Solicitors, and *Augustus Trask Ashton,* City Solicitor, for appellees, were not heard.

PER CURIAM, January 5, 1932:

Plaintiff appeals from a decree quashing a writ of alternative mandamus seeking to compel the director of the department of public safety of the City of Philadelphia to reinstate appellant in the position of district surgeon, medical division, of that department, from which he was discharged by the director for reasons duly stated.

Appellant contends that, following his appointment and assignment to the bureau of police as a surgeon, with authority to wear a uniform, possess fire and police box keys, make arrests, wear a badge and carry firearms, he was invested with all the powers of a police officer, consequently, like such officers, under the provisions of the City Charter Act (section 18, article XIX, Act of June 25, 1919, P. L. 581, 620), he was not subject to discharge from the service of the city except after hearing by the civil service commission; and further, if it should be held he was not a police officer

within the meaning of the Charter Act, his dismissal was without "just cause," which is specified by the act as a condition precedent to the discharge of employees generally in the classified service of the municipality.

We concur with the court below in its finding that, though appellant was assigned to work in the police department, he cannot properly be regarded as a police officer. Although, in connection with his assignment, he was allowed designated privileges and powers, these did not, as in the case of appointed police officers, carry with them a duty "to enforce the muncipal peace, i. e., the laws and ordinances for preserving the peace and good [order] of the community" (31 Cyc. 902) ; his duties were, so far as the record discloses, those of a generally known police surgeon, not a police officer.

As for the reasons stated by the director of public safety for appellant's discharge, instances are cited in the notification to him of intended discharge as examples showing wherein appellant's services were unsatisfactory. The reasons thus assigned were clearly ample to sustain the director's action. We said in Shellenberger v. Warburton, 279 Pa. 577, 580, citing earlier cases: "Due notice of the charges made is all that is necessary," and "The court cannot substitute its judgment, as to what should be just cause, for that of the city authority, unless there is a manifest abuse of discretion," which does not here appear.

The decree of the court below is affirmed at cost of appellant.