Bradycamp, Appellant, *v.* T. Warren Metzger,
Mayor, et al., Members of Council
of Lancaster City.

Argued January 3, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN. JJ.

*Robert Ruppin,* for appellant.

*H. Edgar Sherts,* with him *Wm. B. Arnold,* for appellee.

Per Curiam, February 1, 1933:

Plaintiff petitioned the Court of Common Pleas of Lancaster County for a writ of mandamus directed to the mayor and council of the City of Lancaster to compel his reinstatement as a police officer of that municipality. An alternative writ having been issued, respondents filed a motion to quash, alleging the court of common pleas is without authority in mandamus proceedings to set aside the council's findings of fact and conclusions of law, where, in a case involving the discharge of an officer, all legal requirements have been complied with. After argument the court quashed the writ, whereupon plaintiff appealed.

Lancaster is a city of the third class and the proceedings in question here are governed by the provisions of the Act of 1931, P. L. 932, section 4408. The record indicates that the requirements of the statute were fully complied with. Two charges were preferred against plaintiff, the first containing four specifications under the heading, "Conduct Unbecoming an Officer," and the second alleging physical disability. Plaintiff was given a hearing before the city council at which he was not only personally present but also was represented by counsel and had adequate opportunity to present a defense to these charges. After hearing and deliberation, council sustained the complaint as to the first charge and dismissed plaintiff from office.

Appellant now asserts the evidence presented at the hearing before council was not legally sufficient to support the charges preferred against him. This evidence was not before the lower court, nor is it set out in the printed record on this appeal. There is no indication in what respects it was deficient. Even if the evidence

would not have been competent in a regularly constituted court of law, we would not now sustain an objection to its admissibility, for a strict enforcement of the rules of evidence has no proper place in the investigation before municipal councils of charges against police officers. This principle was stated in the case of Crofut v. Phila., 276 Pa. 366, so far as concerns investigations before the civil service commission in cities of the first class, and applies equally here.

Mandamus will lie to compel the performance of a ministerial duty required by law, but not the review of a decision of an administrative body invested with discretion, which has already acted in the premises in accordance with law. "The court cannot substitute its judgment, as to what should be just cause, for that of the city authority, unless there is a manifest abuse of discretion:" Smith v. Phila., 305 Pa. 503, 505, citing Shellenberger v. Warburton, 279 Pa. 577.

"Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong:" Souder v. Phila., 305 Pa. 1, 8, and cases cited therein.

The order and judgment of the court below is affirmed at appellant's cost.