Daley, Appellant, *v.* Pittston et al.

Delaney, Appellant, *v.* Pittston et al.

Argued April 10, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Richard B. Sheridan,* with him *J. Justin Blewitt,* for appellants.

*Leo W. White,* with him *Wm. H. Gillespie,* for appellees.

OPINION BY MR. JUSTICE LINN, April 24, 1939:

These two appeals challenge the validity of appellants' discharge as policemen in the City of Pittston, a city of the third class. They were appointed on December 13, 1937, and about a month later were given written notice, signed by the Mayor, of specific charges against them and that a hearing would be held in the City Hall at a specified time where they might appear and defend. Their history of the case states—"At the respective hearings, both officers appeared and were represented by counsel. After the hearings, at which evidence was heard, the City Council, by the votes of English, Meade and Andaloro, the Mayor and Councilmen elected at the election on November 2, 1937, Gallagher and Pauxtis voting in the negative, found the charges to be established, and by resolution dismissed both officers from their employment in the Bureau of Police."

The learned court below dismissed the proceeding on the ground, shortly stated, that appellants had the trials

provided for by the statute (section 4408, Act of June 23, 1931, P. L. 932, 1113, 53 PS section 12198-4408) and that *Bradycamp v. Metzger, Mayor, et al,* 310 Pa. 320, 165 A. 387 (1933), was controlling against them. What was said in the opinion in that case is directly applicable to these appeals and sufficiently states why they cannot be sustained. Since that case arose, the legislature has provided by the Act of May 31, 1933, P. L. 1108, 53 PS section 8479 et seq. (*Crawford v. Clairton City,* 334 Pa. 120), that firemen in the cities of the third class if "removed, discharged, or reduced in rank or pay" may obtain a hearing before the Civil Service Commission with the right to appeal to the common pleas. The significant thing, for present purposes, is that in making the change for firemen, the legislature left policemen governed by Bradycamp's case.

In each appeal the order is affirmed.