## Lowrie's Appeal.

Argued March 20, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Barnes and Patterson, JJ.

204

Charles B. Prichard, with him Charles D. Coll, for appellant.

John R. Bentley, Assistant City Solicitor, and Wm. Alvah Stewart, City Solicitor, for appellee, were not heard.

OPINION BY MR. JUSTICE DREW, April 15, 1940:

Walter J. Lowrie was dismissed from the position of hoseman by the Director of the Department of Public Safety of the City of Pittsburgh for having been unfit for duty on the morning of January 26, 1939. He demanded a public hearing before the Civil Service Commission, and that body sustained the action of the director. He then appealed to the Court of Common Pleas pursuant to the provisions of the Act of May 31, 1933, P. L. 1108.[1] The present appeal is from the order of that learned court, which affirmed the decision of the Commission.

We have made a careful study of the record and are thoroughly convinced that there is ample testimony to support the conclusion of the commission. On the morning in question Lowrie was sent on a short errand by Captain Greer and he delayed an hour and a half more

[1] Subsequent to the taking of the appeal and about one week prior to the decision of the court below, this Act was repealed by the Act of June 27, 1939, P. L. 1207. The latter Act re-enacted the essential provisions of the former legislation, with certain modifications not material here.

than was necessary. Upon his return the Captain smelled liquor on his breath and observed that he could not make sensible conversation, that his gait was wobbly, and that generally he had the appearance of a man under the influence of liquor. He was ordered to shovel snow, but that job very soon had to be taken from him because of the incompetent manner in which he acted. Later that morning, both Captain Greer and Battalion Chief Maroney noticed that he was visibly affected by drink. Lowrie's official record shows that he had been penalized upon three prior occasions for drinking and his superiors testified that they had censured him privately upon many occasions because of his use of liquor.

The nature and extent of the testimony was such that the learned court below had no other course but to sustain the findings of the Civil Service Commission. It is a salutary rule, necessary to a just determination and efficient dispatch of public business, that findings of fact of a Civil Service Commission be accepted as binding on appeal, when the Court of Common Pleas after an independent examination of the record finds that there is substantial testimony to sustain them. This is always so in the absence of a showing that the commission was motivated by prejudice.

In dismissing Lowrie, the Director of the Department of Public Safety acted upon the recommendation of the Trial Court of the Bureau of Fire, composed of thirteen chiefs of the Bureau. It was perfectly proper for the director to call upon these experienced men, who were familiar with the rules, regulations and actual practice of the bureau for their opinion in this important matter. We are confirmed in our opinion that Lowrie was lawfully discharged by the independent examinations of the trial court of the bureau, the commission, and the court of common pleas. There appearing no error in these proceedings, the order of the learned court below is affirmed.

Order affirmed.