Gretton, Appellant, *v.* Pittsburgh et al.

Argued January 28, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Wilbur F. Galbraith,* for appellant.

*John R. Bentley,* Sp. Asst. City Solicitor, with him *Wm. Alvah Stewart,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE STERN, March 23, 1942:

Appellant, Florence Gretton, held the position of general supervisor (female), Bureau of Recreation, Department of Public Works of the City of Pittsburgh. The Director of the Department suspended her from her duties on the following charges: "1. Insubordination in matters pertaining to operation of the department. 2. Absence from duty without leave; and being habitually late for staff meetings and other activities under your jurisdiction. 3. Inefficiency and extravagance in respect to ordering supplies. 4. Unauthorized use of departmental equipment." Appellant filed an answer denying the charges, but was nevertheless dismissed. She appealed to the Civil Service Commission, which, after conducting extensive hearings, sustained all the charges except that of extravagance in respect to ordering supplies. She then petitioned the court for a writ of mandamus to the Mayor, the Director of the Department of Public Works, the Superintendent of the Bureau of Recreation, and the Civil Service Commission, to compel her reinstatement. The court dismissed the petition.

Mandamus lies to enforce the performance of a ministerial duty; it will not issue to compel a person or administrative body, vested with deliberative or discretionary powers, to reverse or modify a decision supported by testimony: *Reese v. Board of Mine Examiners,* 248 Pa. 617, 622, 94 A. 246, 248; *Souder v. Philadelphia,*

305 Pa. 1, 8, 156 A. 245, 247; *Bradycamp v. Metzger*, 310 Pa. 320, 322, 165 A. 387, 388. The findings of fact of a civil service commission are binding if the court of common pleas, after an independent examination of the record, finds that there is substantial evidence to sustain them; it is not for the court to weigh the evidence but only to make sure that there has been no abuse of discretion on the part of the commission: *Lowrie's Appeal*, 338 Pa. 203, 205, 12 A.2d 582, 583; *Raffel v. Pittsburgh*, 340 Pa. 243, 246, 16 A.2d 392, 393.

A reading of the testimony, much of which was uncontradicted, indicates that the findings of the Commission were justified. The charge of insubordination was borne out by letters written by appellant, the tone of one of which, at least, might fairly be characterized as impertinent. The charge of absence from duty without leave was supported by evidence of her failure to appear on two occasions when she should have been present to supervise competitive games and sports; while she furnished reasons for her absence the Commission was not bound to accept them as satisfactory. The charge of being habitually late for staff meetings was well substantiated, and here again her explanations were for the consideration of the Commission. The charge of inefficiency arose from her failure to comply with the work schedule assigned to her, and, while she criticized it as being poorly designed and requiring hours of labor in excess of the legal limit, there was testimony that she could reasonably have carried it out without any violation of the law. The charge of unauthorized use of departmental equipment was sustained by evidence that, in violation of the rules of the City Clerk, appellant on several occasions kept out over night the "Drive-Yourself" cars used in her work, and, while no particular harm resulted to the city from this practice, which was indulged in by her merely as a matter of convenience, it nevertheless was unauthorized and improper.

From this brief summary of the lengthy record it is evident that for the court to have reversed the findings

of the Commission would have been to set itself up as a super-fact-finding tribunal and to have substituted its own discretion for that of the Commission.

While the charges upon which appellant's dismissal was based were not of grave delinquencies, it cannot be said they were so trivial as to indicate they were being used merely as a pretext to get rid of her, and that her discharge was not for "just cause" within the meaning of section 20 of the Act of May 23, 1907, P. L. 206. All that the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employe. A wide latitude must be left to the superior officer—in fact a discretion conditioned only on its exercise in good faith and not as a screen for some reason not based upon the fitness of the employe to fill the position: *Thomas v. Connell*, 264 Pa. 242, 246, 107 A. 691, 692; *Sailer v. Philadelphia*, 273 Pa. 424, 426, 427, 117 A. 271, 272; *Shellenberger v. Warburton*, 279 Pa. 577, 579, 580, 124 A. 189, 190; *Raffel v. Pittsburgh*, 340 Pa. 243, 247, 16 A.2d 392, 393.

The written statement of the reasons for appellant's dismissal was not objectionably vague. It is not necessary that such a statement should be as explicit as a bill of indictment. It serves its purpose if it furnishes the employe with general information as to the nature of the charges: *Shellenberger v. Warburton*, 279 Pa. 577, 580, 581, 124 A. 189, 190, 191. In *Truitt v. Philadelphia*, 221 Pa. 331, 340, 70 A. 757, 759, 760, the only reason assigned was "for the betterment of the service," which was so indefinite as not to be a statement of reasons at all. Whatever particularity may have been wanting in the statement furnished to appellant was more than supplied by the testimony, and, since the hearings dragged out over several weeks, she had every opportunity to defend against the charges and did in fact present testimony in great detail in respect to each and all of them.

Appellant makes much of the Director's admission that he instituted no investigation after receiving her

answer to the charges, that his course of action had been determined before the answer was received, and that he did not give her a hearing or bring her face to face with her accusers before dismissing her. Except as to policemen and firemen there is no statutory provision for a hearing or trial after receipt of the employe's answer. Here, the Director had already investigated and received information before suspending appellant; her denial of the charges added nothing to the situation as far as he was concerned; further investigation was for the Civil Service Commission, and such an investigation was elaborately conducted. The purpose of an answer is that it may be furnished to the commission for entry upon the record, thus enabling the employe publicly to deny the charges and also constituting a pleading in case of appellate proceedings before the commission: *Thomas v. Connell,* 264 Pa. 242, 245, 246, 107 A. 691, 692; *McCoach v. Philadelphia,* 273 Pa. 317, 321, 117 A. 71, 73; *Commonwealth ex rel. v. Philadelphia,* 273 Pa. 332, 335, 117 A. 180, 182.

Decree affirmed at cost of appellant.