LYON, J.,
— Before the court for determination are preliminary objections to the complaint in equity asserting: (1) The court of equity lacks jurisdiction of the action because plaintiffs have not exhausted their statutory remedies; (2) the complaint must be stricken because of the nonjoinder of a necessary party; and (3) plaintiffs have an adequate remedy at law and are, therefore, not entitled to equitable relief.
The plaintiffs are 48 adult persons who are temporary professional employes of defendant, New Castle Area School District. Each was rated “unsatisfactory” by the superintendent of schools who notified them individually on May 13, 1970, that the unsatisfactory rating was “Due to failure to report for service April 30th, 1970, through May 11th, 1970, inclusive — participating in an illegal strike while under contract.” The equitable relief which plaintiffs seek in the complaint is: (1) That defendant be required to remove all unsatisfactory ratings from the personnel files of plaintiffs which have been rendered for the period January 23, 1970, through May 11, 1970, and (2) that defendant be required to tender regular contracts of employment as provided for professional employes to all *780 plaintiffs who have completed two years of satisfactory service in the employment of the defendant school district.
I. EXHAUSTION OF STATUTORY REMEDIES
Defendant’s objection is based upon the erroneous premise that the cause of action alleged in the complaint is based upon plaintiffs’ dismissal as public school teachers because of their unsatisfactory ratings by the superintendent of schools. Defendant then points to sections 1130, 1-131 and 1132 of the Public School Code of 1949[1] which expressly provides a statutory right of appeal for public school teachers who are dismissed, and cites West Homestead Borough School District v. Allegheny Co. Bd. of School Directors, 440 Pa. 113, 269 A. 2d 904 (1970), for the proposition that where the legislature provides an exclusive, constitutionally adequate method for administrative disposition of a dispute, the courts have no jurisdiction to entertain an injunction action designed to permit the courts to enter into the dispute at a time earlier than that fixed by the legislature. In accord: Commonwealth v. Glen Alden Corp., 418 Pa. 57, 210 A. 2d 256 (1965).
The authority of the West Homestead Borough School District case would control the present action and require dismissal of the complaint for lack of jurisdiction were it not for the legislative amnesty subsequently granted to plaintiffs by the Public Employee Relations Act passed on July 23, 1970.[2] Section 2201 repealed the Act of June 30, 1947, P.L. 1183, which prohibited strikes by public school teachers. It further granted legislative amnesty to those who *781 previously had violated the repealed act by providing, . . any penalties or other limitations currently in force or presently pending against any public employees, shall be deemed null and void.” Section 2301 gives immediate effect to the amnesty provision.
Counsel for plaintiffs candidly stated at oral argument that the public school teachers engaged in an illegal strike against defendant; that the superintendent of schools acted as authorized by law when he gave each of the striking teachers an unsatisfactory rating, and that the dismissal of plaintiffs for this reason was fully authorized by law. His sole contention is that plaintiffs are presently being penalized contrary to the amnesty statute which was intended to protect plaintiffs against any penalty or other limitations by reason of their participation in the illegal strike. It is clear from the record that defendant’s refusal to tender plaintiffs regular contracts of employment as provided for professional employes was a direct result of their unsatisfactory ratings by the superintendent of schools who notified each of plaintiffs in writing that he did so because of their participation in an unlawful strike. Therefore, it must be conceded that plaintiffs are being penalized in a manner contrary to the intent of the legislative amnesty enactment.
Defendant does not dispute this conclusion but, instead, contends that plaintiffs cannot seek the relief afforded by the amnesty statute in the equity division of the Court of Common Pleas until they have exhausted the statutory remedies provided for dismissed public school teachers. We disagree. The language of the amnesty statute is wholly clear and unambiguous in its meaning. It specifically makes null and void “any penalties or other limitations . . . against any public employees.” If the legislature had intended to restrict the benefits conferred by the statute to public *782 employes who had exhausted their statutory remedies, it could have said so with appropriate words of limitation. Furthermore, it would be absurd to conclude that the legislature intended to confer amnesty only upon those public employes who unsuccessfully had exhausted the statutory remedies of the Public School Code. There exists no logical or valid reason justifying the grant of amnesty to such teachers and denying it to others when there is no showing that the acts of the teachers who had exhausted their statutory remedies were any less blameworthy and all were dismissed for the same reason. Because there is no logical reason why the benefits of the amnesty statute should be limited to those who have exhausted their statutory remedies, it is apparent that defendant’s contention to this effect is wholly arbitrary, capricious and of doubtful constitutional validity.
Moreover, the amnesty conferred upon school teachers could not be fairly administered within the framework of the statutory remedies of the Public School Code. Since the teachers were dismissed on May 13, 1970, and the Public Employee Relations Act was not enacted until July 23, 1970, it would be impossible for the dismissed teachers to base an appeal upon legislative amnesty, because the remedial provisions of the Public School Code are unavailable to a dismissed teacher unless an appeal by petition, setting forth grounds for such an appeal, is filed within 30 days after the discharge. In ascertaining the intention of the legislature in the enactment of the amnesty statute, the court must presume that the legislature intended it to be effective and certain.[3] Such effect cannot be given the amnesty statute under the remedial provisions of the Public School Code.
*783 II. NONJOINDER OF A NECESSARY PARTY
Defendant contends that the complaint must be stricken for nonjoinder of a necessary party. In support of the contention, defendant relies upon sections 1108 and 1123 of the Public School Code.[4] Section 1123 provides that the rating of teachers shall be done by or under the supervision of the superintendent of schools, and section 1108 requires defendant to tender a regular contract of employment as provided for professional employes to a temporary professional employe whose work has been certified as being satisfactory by the superintendent of schools to the secretary of defendant, during the last four months of the second year of such service. Hence, defendant could not lawfully tender a permanent teaching certificate to plaintiffs who were certified “unsatisfactory” by the superintendent of schools. We have carefully examined the amnesty statute and failed to find any language indicating a legislative intent to alter or modify the provisions of the Public School Code for issuing permanent teaching certificates.
Our research has disclosed no authority authorizing a court of equity to re-rate a teacher satisfactory as plaintiffs demand. The legislature placed this duty upon the superintendent of schools, and it is clear by analogy to the mandamus cases that the court can compel a public official who is vested with a discretionary power to exercise that discretion, but it cannot perform the discretionary act for him: Travis v. Teter, 370 Pa. 326, 87 A.2d 177 (1952). This is true in the present case even though it appears from the record that plaintiffs are entitled to receive a satisfactory rating, since the amnesty statute made the *784 unsatisfactory ratings bottomed upon their participation in an illegal strike null and void as of June 23, 1970.
Furthermore, the court cannot compel defendant to perform an act which is unlawful under the mandatory provisions of the Public School Code. Therefore, defendant cannot be required to issue a permanent teaching certificate in the absence of a satisfactory rating by the superintendent of schools. Since plaintiffs initiated this action to obtain permanent teaching certificates and defendant cannot lawfully issue such certificates without having received a satisfactory rating from the superintendent, it is plain that he is a necessary party to this action. Hence, the complaint must be stricken for nonjoinder of a necessary party.
III. ADEQUATE REMEDY AT LAW
Defendant next contends that a court of equity has no jurisdiction of the present cause of action because plaintiffs have an adequate remedy at law. It specifically asserts that the relief sought in the complaint can be obtained on the law side of the court through an action of mandamus. It has been repeatedly held that an action of mandamus will lie only if there is a clear legal right in plaintiffs and a positive duty of defendant to be performed: Angelotti v. Rankin Borough, 341 Pa. 320, 19 A.2d 398 (1941). Even though the unsatisfactory ratings of plaintiffs were wholly in accord with the law as it existed when the ratings were made, it is plain that the adverse ratings are presently null and void and, therefore, plaintiffs have an absolute right to be re-rated. But an action of mandamus will not lie to compel the superintendent of schools to re- *785 rate them, because it appears he previously had performed this discretionary duty in a proper manner as required by law. In Souder v. Philadelphia, et al., 305 Pa. 1, 156 Atl. 245 (1931), the Supreme Court quoted from Runkle v. Commonwealth ex rel. Keppelman, 97 Pa. 328 (1881), stating:
“Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong.” In accord, Bradycamp v. Metzger, 310 Pa. 320, 165 Atl. 387 (1933); Shellenberger v. Warburton, et al., 279 Pa. 577, 124 Atl. 189 (1924).
In addition, an action of mandamus will not necessarily afford complete relief to plaintiffs and could result in a multiplicity of suits, for the action will not lie against defendant until after it has received a satisfactory rating by the superintendent and refused to issue the permanent teaching certificate. In addition, when re-rating plaintiffs, the superintendent may be enjoined only by a court of equity from penalizing them in a manner offending the amnesty statute.
ORDER
And now, August 6, 1971, defendant’s second preliminary objection is sustained and the motion to strike the complaint is granted; the first and third prehminary objections are dismissed.
Plaintiffs may file an amended complaint within 20 days from the date of this Order.

 Act of March 10, 1949, P.L. 30, art. XI, secs. 1130, 1131, 1132, as amended, 24 PS §§11-1130, 11-1131, 11-1132.

 Act of July 23, 1970, P.L. 563, 43 PS §1101.101 et seq.

 Statutory Construction Act of May 23, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552.

 Public School Code of March 10, 1949, P.L. 30, art. XI, sec. 1108(a) and (b), 1123 as amended, 24 PS §ll-1108(a) and (b), 11-1123.