[S. F. No. 2439. In Bank.—April 6, 1901.]

## S. CAHEN, Appellant, v. ASA R. WELLS, Auditor, etc., Respondent.

CHARTER OF SAN FRANCISCO — CIVIL SERVICE REGULATIONS — CONSTITUTIONAL LAW — INDEPENDENT PROVISIONS. — The provisions of article XIII of the charter of the city and county of San Francisco, under the caption of "Civil Service," other than section 12 of that article, are constitutional and valid; and without deciding whether that section, which prohibits the removal of incumbents in the classified civil service, except for cause, is or is not constitutional, the other sections of the article are independent thereof, and might stand if that section were stricken out.

ID. — UNTENABLE ACTION — INJUNCTION AGAINST AUDITOR. — An action cannot be sustained to enjoin the auditor of the city and county of San Francisco from drawing warrants in payment of the salary and expenses of the civil service commissioners or the salaries of their employees.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

F. P. Dunne, for Appellant.

Lloyd & Wood, and Garret W. McEnerney, for Respondent.

.Franklin K. Lane, George W. Lane, and Garret W. McEnerney, for Civil Service Commission.

McFARLAND, J.—This case differs materially from the case of *Crowley* v. *Freud, ante,* p. 440, although. the two cases were argued and submitted at the same time, and both involve powers of the civil service commission created by the present charter of the city and county of San Francisco.

This action was brought to enjoin the defendant, Wells, who is auditor of said city and county, from drawing any warrant in payment of salary of the civil service commissioners, or of any employee of said commissioners, or of any expenses of said commission, on the ground that all the provisions of said charter on the subject of civil service are unconstitutional and void. A general demurrer to the complaint was sustained in the court below, and judgment rendered for defendant, and from that judgment plaintiff appeals.

The provisions of the charter here brought in question are contained, under the caption of "Civil Service," in article XIII of that instrument. This article is quite lengthy, and contains twenty sections. The main attack in this case is made on section 12. Leaving that section out of view for the present, it will be sufficient for the purpose of this decision to state very briefly some of the provisions of the other sections of the article. Those provisions are, in substance, as follows: Three persons, who shall constitute the "civil service commission," shall be appointed by the mayor, and shall "classify all the places of employment under the offices and departments of the city and county"; and it is provided in section 2 that "no appointment to any such place shall be made except according to the rules hereinafter mentioned." The commissioners are to make rules "for examinations, appointments, promotions, and removals," and "all applicants for places in the classified civil service shall be subject to examination, which shall be public, com-

petitive, and free." The examinations are to be held after notice, and are to be conducted either by the commissioners, or by examiners appointed for that purpose. From the returns of the examiners a register is to be prepared of persons whose general average standing upon the examination is not less than the minimum fixed by the rules, and who are otherwise eligible; and such persons "shall take rank upon the register as candidates in the order of their relative excellences as determined by the examination." When a position is to be filled in any department or office, the head of the same shall notify the commissioners of that fact, and the commissioners shall thereupon certify to the appointing officer the name of one or more candidates, not exceeding three, standing highest on the register of the class to which the position belongs; and the appointing officer shall fill the place by the appointment of the person certified by the commissioners, if only one be certified, or if two or three be certified, then by the appointment of one of those certified. The first appointment is declared to be on "probation," for a period "to be fixed by the rules of the commissioners," but not to exceed six months; and during this period of probation the head of the office may, "by and with the consent of the commissioners," discharge the person appointed, "upon assigning in writing his reasons therefor to the commissioners." If he is not discharged within the probation period, "his appointment is deemed complete." It is also provided, that, to meet "extraordinary exigencies," the head of an office may, "with the approval of the commissioners," make temporary appointments to remain in force until regular appointment under the provisions of the article may be made,—but not exceeding sixty days. There are other details as to appointments under the said article XIII, which need not be here mentioned.

Said section 12 is as follows:—

"Section 12. No deputy, clerk, or employee in the classified civil service of the city and county, who shall have been appointed under said rules, shall be removed or discharged, except for cause, upon written charges, and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before the civil service commission, or by or before some officer or board appointed by the commissioners to conduct such investigation. The finding and decision of

the commissioners, or such investigating officer or board, when approved by the commissioners, shall be certified to the appointing officer or board, and shall be forthwith enforced by such officer. Nothing in this article shall limit the power of any officer or board to suspend a subordinate for a reasonable period, not exceeding thirty days."

Appellant contends that section 12 is unconstitutional and invalid because it provides for a life tenure of office, and is therefore in violation of section 16 of article XX of the state constitution, which is as follows: "When the term of any officer or commissioner is not provided for in this constitution, the term of such officer or commissioner may be declared by law; and if not so declared, such officer or commissioner shall hold his position as such officer or commissioner during the pleasure of the authority making the appointment; *but in no case shall such term exceed four years.*"

Of course, a judgment in favor of appellant in this present action would obliterate all the provisions of the charter on the subject of civil service, and therefore plaintiff must maintain the unconstitutionality not only of the provisions of section 12, but also of all the other provisions of article XIII. This he endeavors to do by showing that the life tenure, which he claims to be created by section 12, is the main, controlling, final, and vital purpose of all the provisions of the charter about civil service, and that if section 12 be unconstitutional, the other provision, being merely introductory, ancillary, and instrumental to the main purposes, must fall with it. His positions, therefore, are,—1. That section 12 is unconstitutional; and 2. That its unconstitutionality carries with it the unconstitutionality of the whole scheme of civil service presented in the charter,—all the provisions being so inseparably blended that no part can stand if other parts are invalid.

In our view of appellant's second position, it is not necessary for us to determine whether or not his first position is tenable. We have not before us the case of a person who, having been appointed under the civil service provisions of the charter, and having held his position for more than four years, claims to be entitled to hold it for life. Whether or not section 12 undertakes to provide for terms of office in excess of the limitation of section 16 of article XX of the constitution; whether or not all persons dealt with by article XIII of the charter are within the description "officer," as used in said

section 16; whether or not the head of an office might remove a subordinate without the consent of the commission,—these and other questions which would be involved in passing on the constitutionality of section 12 can be more properly determined as the facts of future cases may present them. In the present action they are remote, general, and speculative.

In the briefs of counsel on both sides there are a great many quotations from sayings of people who are designated as prominent "civil service reformers"; and it is insisted by respondent that, in the opinion of these reformers, the main principle of what is called "civil service reform" is, that appointments to subordinate official positions shall be made only after competitive examinations, and upon the basis of merit to be ascertained by such examinations; while it is insisted by appellant that "according to those opinions" a permanent tenure for life, subject only to removal for cause after a trial, is the mainspring of such reform, without which all the other machinery would be useless. While the decision in this case as to the purposes of the framers of the charter must rest on the language to be found in the charter itself, yet it may be said that its language seems to be in accord generally with the views of said reformers quoted in the briefs. The purpose to be gathered from the language of the charter, as well as from said quotations in the brief, is clearly dual. One of the purposes is to secure a change in the method of appointment of subordinates; and most of the provisions of article XIII are especially directed to that end. It is clear that one of the supposed evils which civil service was expected to eradicate was the tendency to give places as rewards of political services, which left open the temptations to make improper promises and bargains about appointments prior to elections and party conventions. The intended remedy is what is called the "merit system," by which it is sought to give places to such persons best fitted to discharge the duties of such places, upon the theory that fitness can be best ascertained by a competitive examination. Under this system the head of an office has no opportunity to appoint a friend; and it is assumed that he would not be likely to select as competent such a man as an examining board would select for him. It is apparent that this is one of the main purposes appearing on the face of article XIII of the charter. The great body of the article deals with the appointments of subordinates, and with the details of the examina-

tions of candidates for such appointments. And this is an independent purpose, not inseparably interwoven with section 12; and not being itself unconstitutional, is not involved in the asserted unconstitutionality of section 12, and can stand as a valid enactment, even though section 12 be eliminated. Appellant contends—and quotes some of the "sayings" above noticed—that all the provisions about appointments under the so-called merit system would be worthless without the provision in section 12 against removals, and that therefore the two are inseparably connected. But, since the head of an office could not, under the merit system, fill a vacancy with a person of his own choice, but must do so with the person, or one of the two or three persons, certified by the commission, the incentive to make removals, except for actual incompetency, would be very slight. One of the reformers quoted in the brief, after pointing out that removals are rarely asked for except to make a vacancy for a particular man, says, "Under the merit system of appointment, the question of removals would be solved without legislation."

Our conclusions are, that those sections of article XIII of the charter which provide for the method of appointment are not inseparably interwoven with section 12, which deals with removals; that those sections stand as valid enactments, even though section 12 be eliminated; and that there applies to the case at bar, the well-established rule of construction which is stated in Cooley on Constitutional Limitations (p. 211), as follows: "If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained. . . . If a statute attempts to accomplish two or more objects, and is void as to one, it will still be in every respect complete and valid as to the other." We must not be understood, however, as in any way expressing an opinion as to the constitutionality of said section 12.

The judgment appealed from is affirmed.

Henshaw, J., Garoutte, J., Van Dyke, J., Temple, J., Harrison, J., and Beatty, C. J., concurred.