[Civ. No. 3984.  Third Appellate District.—January 30, 1930.]

STATE COMPENSATION INSURANCE FUND et al., Respondents, v. Dr. V. D. ROTHWELL, Appellant.

Herbert Moore for Appellant.

A. G. Ritter for Respondents.

BURROUGHS, J., *pro tem.*—This is an action for damages for personal injuries alleged to have been suffered by the plaintiff M. J. Tillery by reason of the alleged negligent operation of an automobile by the defendant. It is also alleged in the complaint that at the time of the accident the plaintiff Tillery was working as a watchman for the Atkinson Merchants' Police and Fire Patrol and that said organization was at the time of the accident insured by the State Compensation Insurance Fund, the other plaintiff herein.

The court awarded the plaintiffs a judgment in the sum of $1750. The defendant appeals. The case has been brought to this court by a bill of exceptions and defendant seeks to review the insufficiency of the evidence to sustain the court's findings of fact.

It is the contention of the respondent that the bill of exceptions does not contain any specifications of the insufficiency of the evidence to support the findings. In this behalf the bill of exceptions reads as follows: "Defendant now specifies as errors of law occurring at the trial and excepted to by defendant, each and every ruling of the court upon the admission or rejection of evidence offered which was unfavorable to defendant as set forth in the foregoing bill of exceptions and defendant specifies that there is no evidence to support any of the findings above mentioned and further specifies that the decision is against

law in this, that the findings do not support the judgment.'' Such specifications have many times been held to be too general in their nature to permit a court to go into that subject. Section 648 of the Code of Civil Procedure provides that the objection must specify the particulars in which the evidence is alleged to be insufficient. In *Mills* v. *Brady,* 185 Cal. 317, 320 [196 Pac. 776], in construing section 648 of the Code of Civil Procedure, and holding that general specifications of the insufficiency of the evidence similar to the specifications in the case at bar are insufficient, the court says: ''The only pertinent specifications are the general ones that the evidence is insufficient to support the judgment and the judgment is contrary to it, and that it 'is insufficient to justify the findings' and 'the findings of the court are contrary to the evidence.' Where, as here, there are specific findings, the code has been construed to require no more than a specification of the particular finding or findings which it is claimed are not supported, but this at least must be done, and a general specification that the evidence does not support 'the finding' is not a compliance with the code requirement that the particulars wherein it does not support them must be stated, and is wholly insufficient.'' In the case of *Crow* v. *Crow,* 168 Cal. 607 [143 Pac. 689], it is held that particular specifications are necessary to convey fair and correct knowledge both to the adverse party and to the trial court of the precise findings excepted to as not being sustained by the evidence. It is further held in the case last cited that the court cannot consider the insufficiency of the evidence to sustain the findings, unless there has been a substantial compliance with the terms of the law to bring the question to the attention of the court. The latest expression of our courts upon this subject, to which our attention has been called, are *Schultz* v. *City of Venice,* 200 Cal. 50 [251 Pac. 913], and *Mazuran* v. *Stefanich et ux.,* 95 Cal. App. 327 [272 Pac. 772]. Both of these cases are in harmony with the rule enunciated by the cases above cited.

In the instant case, there being a lack of proper specifications to review the evidence, we may not go into that question.

One other question is presented for determination. Appellant claims that the findings do not support the judg-

ment in favor of the State Compensation Fund in excess of the sum of $144.40. The complaint alleges, in appropriate terms, that the said plaintiff had paid and become obligated to pay its coplaintiff the amount due him for compensation. The court found that said plaintiff had paid to its coplaintiff compensation in the sum of $537.08, and in response to another allegation of the complaint, had paid for X-ray and medical treatment for its coplaintiff the further sum of $144.40. We are of the opinion that the findings do support the judgment. The prayer of the complaint asked for a judgment of $5,144.50. The judgment was in the sum of $1750, and was less than the amount of the judgment which the court was legally entitled to render.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.