[Civ. No. 7220. Second Appellate District, Division Two.—September 26, 1930.]

EDGAR T. FEE, Appellant, v. BURON R. FITTS et al., Respondents.

Edgar T. Fee, *in pro. per.*, for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard, Tracy Chatfield Becker and Fred M. Cross, Deputies County Counsel, for Respondents.

Earl Warren, District Attorney of Alameda County, and Frank M. Ogden and James H. Oakley, Deputies District Attorney, *Amici Curiae.*

THOMPSON (IRA F.), J.—The petitioner sought the writ of mandate in the court below to compel the respondent Fitts as district attorney to reinstate him as a deputy district attorney of Los Angeles County, the respondent Chappel as secretary of the Civil Service Commission of Los Angeles County to certify his name to the pay-roll as a deputy district attorney, and the respondent Payne as auditor of Los Angeles County to issue a warrant for petitioner's salary covering the period since January 15, 1929. The writ was denied and this is an appeal from the judgment so rendered.

The appellant bases his appeal upon two principal contentions: First, that the board of supervisors is the only body with power to remove an employee of the county in the classified service; second, that he was not served with a legal notice of his removal for the reason that the causes therefor were not stated specifically. There are other incidental arguments which it is unnecessary to mention at this time. The first assertion is based upon petitioner's construction of the county charter and an ordinance adopted for the purpose of carrying civil service in the county offices into effect. The pertinent provisions of the charter which all counsel urgently insist are constitutional are as follows: "The Board of Supervisors shall have all the jurisdiction and power which are now or which may hereafter be granted by the constitution and laws of the state of California or by this charter" (sec. 10, art. III). "To provide, publish and enforce a complete code of rules not inconsistent with general laws or this charter, prescribing in detail the duties and the systems of office and institutional management, accounts and reports for each of the offices, institutions and departments of the county" (sub. 6, sec. 11, art. III). Article IX, after

providing for the appointment of a Civil Service Commission of three members, fixing their compensation and defining unclassified as well as classified service, says: "The commission shall prescribe, amend, and enforce rules for the classified service which shall have the force and effect of law; shall keep minutes of its proceedings and records of its examinations and shall, as a Board or through a single Commissioner, make investigations concerning the enforcement and effect of this Article, and of the rules and efficiency of the service. It shall make an annual report to the Board of Supervisors" (sec. 34). Subdivision (13) of section 34 of the same article also reads that the rules shall provide "For discharge or reduction in rank or compensation after appointment or promotion is complete, only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction specifically stated, and has been allowed a reasonable time to reply thereto in writing. The reasons and the reply must be filed as a record with the Commission". The board of supervisors adopted an ordinance known as No. 929 (New Series) which reads in part as follows:

"Rule 11, page 4 thereof:

"The tenure of position of any person in the classified service of the county shall not be affected by a change of personnel of the appointing officer, board, commission or body, and every person in the classified service of the county shall hold his or her position until such position becomes vacant as provided by these rules or the charter.

"Rule 8, page 2:

"The Board of Supervisors may declare any office or position to which appointment is made by the Board vacant on the happening of either of the following events:

"(1) The insanity of the incumbent when determined by the judgment of a competent tribunal;

"(2) The adoption by the board of supervisors of a resolution finding it to be a fact that the incumbent is incompetent to perform the duties of his office or position or has neglected or is neglecting the duties of such office or position or is guilty of conduct unbecoming his office or position;

"(3) His ceasing to be a resident of the county;

"(4) His absence from the state for more than sixty days unless upon business of the county or with the consent of the board of supervisors;

"(5) His ceasing to discharge the duties of his office or position for a period of thirty days, except when prevented by sickness or when absent from duty on leave of absence granted as provided by ordinance of the board or the rules of the commission;

"(6) His conviction of a felony or of any offense involving a violation of his official duties;

"(7) His refusal or neglect to file his official oath or bond, when the same is required, within the time prescribed;

"(8) The decision of a competent tribunal declaring his appointment void or his office vacant.

"Provided when an office or position is declared vacant under sub-division 1 or sub-division 8 of his rule, a certified copy of the judgment of a competent tribunal filed with the clerk of the board of supervisors shall be 'sufficient authority for the board to declare such office or position vacant and no notice to the incumbent shall be required.

"Provided further that before an office or position shall be declared vacant under sub-divisions 2, 3, 4, 5, 6 or 7 of this rule, at least five days' notice in writing of such action shall be given to the person holding or claiming to hold such office and the civil service commission. Such notice must specifically state the reason or reasons therefor, and the time set for such proposed action, and notify the person holding such office or position that he may reply in writing to such notice within five days from date of service, such reply to be filed with the civil service commission and a copy thereof to be filed with the clerk of the board of supervisors. Such person may file with the civil service commission his objections or answer within five days after receipt of such notice and may file a copy of said objections or answer within said time with the clerk of the board of supervisors unless allowed more time by the board on the date and at the time set forth in such notice, and be heard and produce witnesses on his behalf.

"Rule 9. Any county officer, board, commission or body may declare any office or position in the classified service to which appointment is made by such officer, board, com-

mission or body, vacant upon the happening of either of the events set forth in the next preceding rule, provided, when any such office or position is declared vacant under subdivisions 2, 3, 4, 5, 6 or 7 of the next preceding rule, the appointing officer, board, commission or body shall give to the person holding or claiming to hold such office or position, and file as a record with the civil service commission, at least five days' notice in writing of such proposed action, such notice to state specifically the reason for such action and the time within which the person notified may reply thereto, which shall not be less than five days from date of service of said notice. Such person may file with the civil service commission and the appointing officer, board, commission or body his objections or answer within five days after receipt of such notice, unless allowed more time and in the discretion of the appointing officer, board, commission or body may appear before such appointing officer, board, commission or body on the date and at the time set forth in such notice, and be heard and produce witnesses on his behalf. When it is impossible to serve personally upon the incumbent the notice required by this rule and the rule next preceding, such service shall be made by mailing by registered mail a copy of such notice to the last known address of the incumbent and by posting a copy of such notice on a bulletin board to be maintained at the office of the appointing officer.''

While it is not urged by the appellant that the charter is unconstitutional, he does urge that by reason of the wording of portions of section 7½ of article XI of the Constitution of California, the charter provisions should be construed as giving to the board of supervisors the sole right to discharge persons in the classified service of the county. Those portions are as follows: ''It shall be competent, in all charters, framed under the authority given by this section, to provide, in addition to any other provisions allowable by this constitution, and the same shall provide, for the following matter:

'' . . . 4. For the powers and duties of boards of supervisors and all other county officers, for their removal and for the consolidation and segregation of county officees, and for the manner of filling all vacancies occurring therein;

*provided,* that the provisions of such charters relating to the powers and duties of boards of supervisors and all other county officers shall be subject to and controlled by general laws, and

" . . . 5. For the fixing and regulation by boards of supervisors, by ordinance, of the appointment and number of assistants, deputies, clerks, attaches and other persons to be employed, from time to time, in the several offices of the county, and for the prescribing and regulating by such boards of the powers, duties, qualifications and compensation of such persons, the times at which, and terms for which they shall be appointed, and the manner of their appointment and removal; . . . "

We find nothing in the constitutional provision which supports appellant's argument. The quoted portion of the constitutional section can be given no greater force than to cast upon the board the duty of providing by ordinance for the "manner of . . . appointment and removal" of persons employed in the several offices of the county rather than to throw upon it the entire burden of appointment and removal. Assuming for the moment and solely for the sake of argument that the ordinance to which we have referred was not an effective exercise of the power conferred upon the board of supervisors by the constitution and the charter, and assuming also that the charter provision which outlines the duty of the civil service commission is unconstitutional, what comfort or aid can the appellant find in the situation? If, as assumed, a system of civil service has not been set up by the county then the provisions of general law apply (*Jones* v. *De Shields,* 187 Cal. 331 [202 Pac. 137] ; *Cronin* v. *Civil Service Com.,* 71 Cal. App. 633 [236 Pac. 339]), and the respondent Fitts had the authority with or without reason to discharge the petitioner. (Subd. 7, sec. 4230, Pol. Code.)

It is a well settled rule of law that where there are no restrictive provisions the power of appointment carries with it the power of removal.

Turning then to the second argument of appellant, which, by the way, was not raised in his opening brief and not until his closing brief, but which has been subsequently answered by the respondents, we also find no merit therein. In fact, we think appellant's whole claim in this regard

is effectively disposed of by *Cronin* v. *Civil Service Com.*, *supra*. Construing the same rules as we have now before us the court there said:

" . . . Section 34 of the charter provides that the commission shall ascertain and keep a record of the efficiency of employees in the classified service and shall after hearing, have power to dismiss from service those who fall below the standard of efficiency established by the commission. While the commission is given power to dismiss employees in the classified service in this one instance, we fail to find in this regulation of the commission any intention to divest the principal of his general power to remove and discharge deputies and employees whom he considers inefficient or out of harmony with his administration of his office. . . . "

"As to appellant's contention that the sheriff, even if authorized to discharge him, can do so only after a hearing before the civil service commission, he relies upon sub-division 13 of section 34 of the charter and the rule of the commission, based upon said sub-division, which we have already quoted in full. This provision of the charter provides that a deputy in the classified list can only be discharged after he has been presented with the reasons for such discharge and has been allowed a reasonable time to reply thereto in writing. Appellant argues that as the charter here provides that no deputy can be discharged until written charges are preferred against him and an opportunity given him to reply thereto, it was contemplated by the framers of the charter that a hearing must be had by the commission on said charges and reply before any discharge can be made. To so construe the charter would be to read something into it which was not placed therein by those who framed it. We find that in sub-division 15 of said section of the charter and in section 4 of rule VII, when the commission seeks to dismiss an employee in the classified list, on account of his falling below the standard of efficiency established by the commission, it can do so only after a hearing. It will thus be seen that the freeholders, in whom the law vested the sole power of framing the charter, had in mind at least one instance when they thought a hearing should be had, and that by design they provided for a hearing in that instance, and in another instance they made no

such provision. For this court now to hold that a hearing should be had by the commission before a principal could discharge a deputy when none had been provided for in the charter, would be for this court to usurp the functions of the freeholders and to change their work in a material respect. This, it has neither the right nor the inclination to do. We must accept the charter as framed by the freeholders, and not attempt to enlarge its scope under the guise of judicial interpretation. Neither sub-division 13 of said section 34 of the charter nor rule XI, as prescribed by the commission, provides for any hearing upon the charges preferred against a deputy before the principal may discharge him. All that is required by the charter and the rules of the commission is that the officer discharging the deputy shall serve upon him, a reasonable time before his discharge, and file with the commission, a statement of the reasons for the discharge. This procedure was observed by the sheriff of the county of Los Angeles in his discharge of appellant, and it follows, therefore, that said discharge was legal and effectual." Aside from this reasoning is the finding of the court, which is not attacked as insufficiently supported by the evidence, to the effect that the procedure outlined by the ordinance and the rules of the commission was followed in the present instance. There can be no doubt but that the reasons of the district attorney were specifically stated and served upon appellant and he was given a reasonable time to reply thereto in writing.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 24, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 24, 1930.