[Civ. No. 7266. Second Appellate District, Division Two.—February 20, 1931.]

FRANK F. EY, Appellant, v. BURON. R. FITTS et al., Respondents.

Frank F. Ey, *in pro. per.*, for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Pritchard and Fred M. Cross, Deputy County Counsel, for Respondents.

Earl Warren, District Attorney of Alameda County, Frank M. Ogden, Assistant District Attorney, and James H. Oakley, Deputy District Attorney, *Amici Curiae.*

THOMPSON (IRA F.), J.—The petitioner sought a writ of mandate in the superior court to compel the respondent Buron Fitts as district attorney of Los Angeles County to

reinstate petitioner as a deputy district attorney, the respondent Sam J. Chappel, as secretary of the civil service commission of Los Angeles County, to certify his name to the pay-roll as a deputy district attorney, and the respondent Payne as auditor of Los Angeles County to issue a warrant for petitioner's salary covering the period since January 15, 1929. The writ was denied and this is an appeal from that judgment.

The appellant contends that this appeal is different from and not governed by the case of *Fee* v. *Fitts*, 108 Cal. App. 551 [291 Pac. 889]. However, the only point presented by him in his opening brief, and we quote it *verbatim*, is as follows: "The authority to remove an employee in the classified service is vested by the Constitution of the state of California, the charter of the county of Los Angeles and county ordinance No. 929, new series, in the Board of Supervisors only." This argument was directly determined against appellant in the case mentioned and we can see no useful purpose to be served by a repetition herein of the reasons for our conclusions therein.

In his reply brief the appellant, in addition to resisting two points raised by the respondents, assigns the following two reasons for a reversal of the judgment: "Purported reasons set forth in the letters of purported discharge served upon petitioner were 'not specifically stated' " and "Good faith in the abolition of an office must be shown."

The first of these is identical with the argument presented in the Fee case and which was determined adversely to appellant upon the authority of *Cronin* v. *Civil Service Com.*, 71 Cal. App. 633 [236 Pac. 339, 341]. Without requoting at length from this last cited authority, which construed the same rules involved in the instant appeal, it is not inappropriate to call special attention to the following language of the court: "While the commission is given power in this one instance, we fail to find in this regulation of the commission any intention to divest the principal of his general power to remove and discharge deputies and employees whom he considers inefficient or out of harmony with his administration of his office. . . . " The reasons assigned by the respondent Fitts for appellant's discharge are as follows:

"1. Incompetency to perform the duties of deputy district attorney.

"2. Failure to perform the duties of your position, either through inability or neglect.

"3. Lack of interest in your work, and in the welfare of those you serve.

"4. Failure to obey the rules formulated by this office.

"5. Failure to meet the standard required by the present District Attorney's office.

"6. Efficiency and economy require that you be relieved from further duty."

If a hearing were provided for by the civil service regulations it might be necessary to set forth concrete instances, but it definitely appears from the specifications, and their meaning cannot be doubted, that the district attorney, the respondent Fitts, discharged the appellant because he considered him "inefficient" and "out of harmony with his administration of his office". The charges were specific in these particulars.

Turning then to the last assignment, to wit: "that good faith in the abolition of an office must be shown" it is first of all to be observed that if the discharge of the appellant was effective we need not concern ourselves with the question whether the office was abolished. It is also to be noted that assignment number 4 of the specifications of error reads as follows: "The evidence plainly shows that the position occupied by plaintiff and petitioner was not in good faith abolished, but on the contrary, the evidence shows that defendant and respondent Buron R. Fitts attempted to fill the same position by a person other than petitioner on or about the time of his attempted removal." We would therefore be justified in closing our consideration of the question by a statement that the assigned error is not material to a disposition of the cause. In paragraph XV of appellant's complaint he alleged that the charges upon which he was discharged were a mere subterfuge "adopted by the said defendant Fitts for the purpose of avoiding, evading, circumventing and nullifying the provisions and requirements of the civil service law, and for the further and ulterior purpose of creating lucrative positions for his political friends at the public expense; and that none of said charges were made in good faith or in the

interest of either efficiency or economy or for any other reason or reasons than above stated''. The finding of the court responsive thereto is: ''That the allegations contained in paragraph designated XV of the petition herein are not true; except that the court makes no finding with reference to the truth or falsity of the reasons set forth in the letters of December 29, 1928, and of January 3, 1929.'' The court below very obviously set forth the exception in the above finding on the ruling of the case of *Cronin* v. *Civil Service Com., supra,* to the effect that the rules and regulations did not contemplate a hearing before a principal could discharge a deputy. It is evident that the specification of error to which we have directed attention is not a specification that the finding here quoted is unsupported by the evidence and hence we are under no necessity of determining the argument advanced by appellant on the oral presentation hereof that the evidence discloses a lack of good faith on the part of respondent Fitts in discharging appellant from his staff of deputies. ■ It has always been the rule that the particular finding attacked must be specified so that, as is said in *Crow* v. *Crow,* 168 Cal. 607 [143 Pac. 689, 690], ''the adverse party may know what evidence by way of amendments to embody in the statement or bill and that the trial court's attention may be directed to these designated matters''. (See, also, *Mazuran* v. *Stefanich,* 95 Cal. App. 327 [272 Pac. 772]; *Schultz* v. *City of Venice,* 200 Cal. 50 [251 Pac. 913]; *Citizens' Bank of Los Angeles* v. *Jones,* 121 Cal. 30 [53 Pac. 354]; *State Compensation Ins. Fund* v. *Rothwell,* 103 Cal. App. 607 [284 Pac. 943].)

■ However, this further observation may be made. It is the contention of appellant that it must be said because the respondent Fitts wrote a letter to appellant on December 18, 1928, requesting his resignation in which he said: ''This action is not to be construed by you as any reflection upon your ability or integrity as a deputy but on the contrary this office wishes you the best of success in your future career as a lawyer,'' that his discharge for the reasons heretofore quoted was not in good faith. This conclusion does not necessarily flow from the two letters. In the second it is said: ''We have earnestly sought to avoid the embarrassment of discharging you from your present position. Your failure to respond to this request necessi-

tates formal action discharging you from further duties as Deputy District Attorney.'' We cannot say, particularly in the face of the finding of the trial court, that the first letter is not open to the construction, simply, that no charges were made, and that it was a courteous way of saving an embarrassing situation. It is to be noted that the first letter is purely in the negative without affirmation of ability.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.