[Civ. No. 2510.   Fourth Appellate District.—March 7, 1940.]

ETHEL PARSONS, Appellant, v. COUNTY OF LOS ANGELES (a Body Politic) et al., Respondents.

Crouch & Crouch for Appellant.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondents.

GRIFFIN, J.—Plaintiff, Ethel C. Parsons, was a duly classified social case worker with permanent classification under civil service regulations as laid down in the county charter and the rules of the Civil Service Commission of Los Angeles County. She was employed as such in the office of the superintendent of charities, and had been so employed since April, 1933. On the 20th day of November, 1936, she received notice in writing from the defendant Rex Thomson, superintendent of charities, to the effect that, upon the recommendation of her superior officer she, the plaintiff, was suspended from her said position, without pay, to take effect as of the close of business on November 30, 1936; further,

that she was to be permanently discharged from her position and from the county service without further notice, to take effect as of November 30, 1936. The notice so given the plaintiff further stated that she was being dismissed for the following reasons, to wit: "(1) Your last two efficiency ratings of 86 and 86½ indicate no improvement in your work; (2) Your file indicates consistent weakness in accuracy, an excessive number of errors and lack of adaptability." The notice further stated that the plaintiff may have up to and including November 30, 1936, in which to file written answer to the charges, if she might so desire, with the office of the superintendent of charities, and that copies should be filed with the Civil Service Commission and the personnel office; also that plaintiff's permanent discharge would become effective on November 30, 1936, without further notice. The plaintiff filed with her employer, the commission, and the personnel office, an answer to the notice so served upon her, which denied the charges made against her, and asked for a hearing. A hearing was denied her and she was thus summarily dismissed from the service.

The charter of Los Angeles County, adopted in pursuance of the constitutional authority thereof (art. XI, sec. 7½, Const.) made certain provisions in article IX thereof with relation to civil service. It comprehended the appointment of a Civil Service Commission and the distinguishing of county officers and employees into what they termed the "unclassified" and the "classified" service. It provided for the appointment of a Civil Service Commission and for the adoption by said commission of rules governing the classified service "which should have the force and effect of law"; and that such board and its members shall make investigations concerning the enforcement of the civil service provisions in the charter and of their rules and the efficiency of its service. It is declared, in section 34 thereof, that such rules should, in part, provide for the classification of all persons in the classified service; for open competitive examinations to test the relative fitness of applicants; for the creation of eligible lists; for the rejection of candidates who fail to comply with the reasonable requirements of the commission; for the appointment of one of the three persons standing highest on the appropriate list; for a period of probation not exceeding six

months before appointment or promotion is made complete, during which time a probationer may be discharged; for promotion based upon competitive examination and records of efficiency; for suspensions for not longer than thirty days and for leaves of absence; for discharge or reduction in rank or compensation after appointment; and for appointment of a bureau of efficiency for determining the duties of each position in the classified service, fixing standards of efficiency of employees in the classified service, and giving power to the commission after a hearing to dismiss from the service those who fall below the standard of efficiency established.

Section 37 of article IX of the charter provides that all persons holding positions in the classified service, and who have held such position for six months preceding the time the charter takes effect, are not to be discharged . . . except in accordance with the civil service provisions established by the charter.

Section 39 provides that any elector of the County of Los Angeles may file charges in writing against any person in the classified service.

From time to time, and in pursuance of the mandate of the charter, a number of rules were adopted by the Civil Service Commission. Among them, rule 23 declares that each department is required to report efficiency ratings to the commission. Rule 25 declares that the head of each department must make out individual reports of efficiency to the commission semi-annually covering all permanent employees. Section 2 of rule 25 provides that an efficiency rating of 85 per cent shall be given for ''average, reasonably satisfactory work which shall comply with the classifications and standards of efficiency set forth in the bulletin announcing the original examination''. The section further declares that if such rating shall continue to fall below 85 per cent for two consecutive periods the Civil Service Commission may demote such employee or dismiss him from the service after first giving him an opportunity to be heard in his own behalf.

On this appeal appellant contends first, that the plain intent of the charter is that an employee in the service is not to be discharged by the employer without the filing of specific charges which must be supported, and that the charter provisions imply that a hearing must be accorded and an op-

portunity given the employee to defend. Second, that the reasons for the discharge of the appellant are not specifically stated as required by the charter and, therefore, the discharge is void. Third, that when tested in the light of the things alleged in the complaint and tested in the light of the rules of the Civil Service Commission, the charges of inefficiency are false. Fourth, that the charge made against the appellant amounts to nothing more than a charge of inefficiency and that, under the charter, no one but the Civil Service Commission can discharge for inefficiency, and that a discharge for this reason can only be made after a hearing has been given the employee.

In considering the contentions of appellant, she concedes in her brief that "the District Court of Appeal, in the cases of *Cronin* v. *Civil Service Com.*, 71 Cal. App. 633 [236 Pac. 339], and *Ey* v. *Fitts*, 112 Cal. App. 109 [296 Pac. 327], have ruled against many of the contentions that are made in this brief", but claims that "the decisions of the District Court of Appeal referred to do not constitute sound law". In addition to the above-mentioned cases, in the case of *Fee* v. *Fitts*, 108 Cal. App. 551 [291 Pac. 889], in which a hearing was denied in the Supreme Court, the same contention raised in the instant case that the principal is divested of his general power to remove and discharge deputies and employees whom he considers inefficient, was decided contrary to appellant's argument.

In answer to the first contention, respondent maintains that the record here shows that the appellant was legally and effectively discharged in the manner prescribed by the county charter, and no hearing was required. Article IX, section 34 of the county charter (Stats. 1913, p. 1484) provides in part as follows: "The commission shall prescribe, amend and enforce rules for the classified service, which shall have the force and effect of law; . . . The rules shall provide: . . . 13. For discharge or reduction in rank or compensation after appointment or promotion is complete, only after the person to be discharged or reduced has been presented with the reasons for such discharge or reduction, specifically stated, and has been allowed a reasonable time to reply thereto in writing. The reasons and the reply must be filed as a record with the commission." The only provision as to the reasons

for discharge is contained in section 41, which reads: "No person in the classified service, or seeking admission thereto shall be appointed, reduced or removed or in any way favored or discriminated against because of his political or religious opinions or affiliations." The Civil Service Commission, pursuant to the charter provision (art. IX, sec. 34, subd. 13), adopted a rule relating to discharge which was in effect at the time of appellant's discharge and which is identical with the charter provision (civil service rule XX.)

In disposing of appellant's first contention, we find no reason to disturb the holding in *Cronin* v. *Civil Service Com., supra,* at p. 641, and we will not therefore repeat the reasons set forth. Suffice it to say the Civil Service provisions which permit an appointing officer to discharge a civil service employee on his sole discretion are not uncommon. The courts of this state have frequently passed upon such provisions. In *Fonseca* v. *Goodwin,* 4 Cal. App. (2d) 58 [40 Pac. (2d) 570], the court had under consideration a provision of the city charter of San Jose similar to that of the County of Los Angeles with respect to discharge. The city charter provided that a hearing might be held for the purpose of permitting the discharged employee to publicly present his side of the controversy and thus deter arbitrary or capricious removals by the managers. The court stated at page 60 of the opinion:

"In this respect the charter is similar to that of the county of Los Angeles which was interpreted in *Cronin* v. *Civil Service Commission* . . . The county charter relating to removals of civil service employees require that the person should be 'presented with the reasons for such discharge' and 'allowed a reasonable time . . . to reply thereto in writing'. Mr. Justice Curtis, speaking for the court, referred to the number of standard works upon the principles of civil service legislation as indicating the trend to extend the power of removal as necessary to the discipline and efficiency of the service, and approving the legislation which checks abuse of this power by requiring written reasons for the removal to be filed with an opportunity given the person removed to put his answers on record. There is very little difference between the provisions of the Los Angeles County charter and that of the city of San Jose. The one permits the person

removed to file his reply as a public record with the Civil Service Commission, the other permits him to state his defense at a public hearing. Neither charter provides for nor contemplates a trial upon charges made, and neither requires a judgment of discharge resulting from a trial of charges." (See also, *Nightingale* v. *Williams,* 70 Cal. App. 424, 430 [233 Pac. 807]; *Cahen* v. *Wells,* 132 Cal. 447 [64 Pac. 699]; *Commonwealth* v. *City of Philadelphia,* 273 Pa. 332 [117 Atl. 180, 182]; *Shellenberger* v. *Warburton,* 279 Pa. 577 [124 Atl. 189, 190]; *McCoach* v. *City of Philadelphia,* 273 Pa. 317 [117 Atl. 71]; *City of San Antonio* v. *Newnam,* (Tex. Civ. App.) 201 S. W. 191; *Price* v. *City of Seattle,* 39 Wash. 376 [81 Pac. 847]; *O'Dowd* v. *City of Boston,* 149 Mass. 443 [21 N. E. 949]; *Paddock* v. *Brisbois,* 35 Ariz. 214 [276 Pac. 325].)

■ It is a well-settled rule of law that where there are no restrictive provisions the power of appointment carries with it the power of removal. (*Fee* v. *Fitts, supra.*) The legislature has ample authority to determine the manner in which city employees may be removed and it has undertaken to fix the procedure to be followed. Subject to the limitations expressly imposed, the proper executive officers may discharge. ■ Subdivision 15 of section 34 of the charter makes provision for and gives to the *Commission* a power to discharge an inefficient employee independent of the appointing officer. It does not purport nor intend to deprive an appointing officer of *his right* to discharge if *he* determines that the employee is inefficient. The plain purpose of the provision is to provide an additional means for ridding the county service of inefficient employees and it may not reasonably be construed as a device to deprive an appointing officer of his right and duty to discharge an employee if he considers him inefficient. We see no reason to disturb the previous interpretations of the effect of the charter provisions and rules of the Civil Service Commission in relation to this power of the employer to discharge for causes therein specified.

■ The second and third contentions are that the charges filed are not specifically stated and are in the light of the facts alleged false. Appellant contends that her last two efficiency marks of 86 per cent and 86½ per cent were rea-

sonably satisfactory under the standard of a minimum of 85 per cent fixed by the Bureau of Efficiency, and that accordingly the employer could not therefore determine that the employee was inefficient. The last efficiency rating was made for the semi-annual period ending in June, 1936. The discharge of appellant was made in November, 1936, five months after the period for which she received her last markings. The former efficiency marks of appellant may have been no indication of her efficiency at the time of her discharge in November, even under her own theory. The appellant's efficiency mark in November may have fallen to the vanishing point. Certainly, the appointing officer is not estopped to consider her efficiency at the time of her discharge merely because he gave her a bare passing mark in the previous June. The failure of appellant to show improvement in her work under the circumstances related, together with the charge of consistent weakness in accuracy, excessive number of errors, and lack of adaptability, tested by the reasons for discharge, considered in the case of *Ey* v. *Fitts, supra,* affords sufficient and specific grounds for the action taken. (See, also, *Neuwald* v. *Brock,* 12 Cal. (2d) 662 [86 Pac. (2d) 1047], *Cronin* v. *Civil Service Com., supra, City of San Antonio* v. *Newnam, supra, Nightingale* v. *Williams, supra, Shellenberger* v. *Warburton, supra, Hayman* v. *City of Los Angeles,* 17 Cal. App. (2d) 674 [62 Pac. (2d) 1047], *Board of Education* v. *Ballou,* 21 Cal. App. (2d) 52 [68 Pac. (2d) 389], *Fonseca* v. *Goodwin, supra,* and *McCoach* v. *City of Philadelphia, supra*), wherein it is said (p. 73):

"On the same assumption, all that appellee had the right to under this section, was that the cause assigned be a just one, not religious nor political, and the reasons given in this case are ample, if true, to justify the demotion. Neither the court below nor this court is charged with an inquiry into the truth or falsity of the causes alleged; and since there is no trial to be had, the accused is not entitled to such clear specifications as would otherwise be required."

Lastly, as to the contention of appellant that the charge alleged amounts only to a charge of *inefficiency* and that a discharge for this reason can only be made after a *hearing* has been given the employee, we believe it has al-

ready been answered. The charter provision which authorizes the Civil Service Commission to intervene and discharge an inefficient employee who falls below a certain standard, independent of an indulgent appointing officer, does not purport nor intend to divest that appointing officer of his power to discharge an appointee for inefficiency, decreasing efficiency or for any other fault or delinquency which moves his judgment. That charter provision was obviously intended to provide a method for removing an inefficient employee where the department head fails to do so. Appellant's contention is expressly repudiated in *Cronin* v. *Civil Service Com., supra.* In view of the previous interpretation given to the provisions of the charter and for the foregoing reasons, the discharge of the appellant was made in full compliance with the provisions of the county charter and in accordance with the written statement of reasons assigned, and was final and effective. No cause of action was stated against the respondents. The court was justified in sustaining respondent's demurrer to the complaint without leave to the appellant to amend.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1940. Carter, J., and Gibson, J., voted for a hearing.