[Civ. No. 26548. First Dist., Div. One. Feb. 9, 1970.]

WILLIAM F. LITZIUS, Plaintiff and Appellant, v.
EARL B. WHITMORE, as Sheriff, etc., et al., Defendants and Respondents.

## COUNSEL

Levy & Van Bourg, Victor J. Van Bourg and Stewart Weinberg for Plaintiff and Appellant.

Keith C. Sorenson, District Attorney, and Jerome F. Coleman, Deputy District Attorney, for Defendants and Respondents.

## OPINION

**ELKINGTON, J.**—In this proceeding against the County of San Mateo and Earl B. Whitmore, its sheriff, a judgment of dismissal was entered following the election of plaintiff William F. Litzius not to amend his petition for writ of mandate upon the sustaining of a general demurrer thereto, with leave to amend. Litzius appeals from the judgment of dismissal.

The facts we shall relate are as they appear in the petition for mandate.

Litzius was an employee, with civil service status, of the City and County of San Francisco. His job classification was "Airport Security Officer"; his duties were generally those of a police officer at San Francisco International Airport, located in San Mateo County. In order to perform such duties in that county he had been deputized by Sheriff Whitmore as a non-civil service deputy sheriff.

Litzius' appointment as deputy sheriff was made at the request of San Francisco, as permitted by Government Code section 26608.2, which reads as follows: "Whenever a county or city and county owns land in another county, it may request the sheriff of that county to deputize its officers or employees as deputy sheriffs so that they may perform police duties solely upon such land. The sheriff may appoint such deputies."

In 1966 Litzius was charged, in the San Francisco Superior Court, with the commission of a felony. Thereupon Sheriff Whitmore suspended his appointment and advised him in writing: "This is to notify you that you are hereby suspended as a Specially Deputized Deputy Sheriff pending the outcome of the criminal action filed against you charging a criminal violation of the Penal Code; . . ." Litzius was later found not guilty of the criminal charge by a jury.

Following an application by Litzius to Sheriff Whitmore that his suspension be terminated, the sheriff advised the General Manager of the San Francisco International Airport: "I have had an investigation conducted into the application of William Litzius for special deputization by this office.

The results of this investigation are such that I feel that it would not be proper for me to deputize Mr. Litzius at this time. Therefore, I am denying his application."

The subject proceedings for mandate followed. The principal relief sought was: "That Sheriff Earl B. Whitmore reinstate petitioner to the status of deputy sheriff, County of San Mateo."

Throughout the argument on the general demurrer Litzius insisted on a right to be reinstated as deputy sheriff *or* to "be given a hearing to demonstrate why he should not [*sic*] be reinstated." It is not clear whether the alternative demand was for a hearing by the sheriff or by the superior court, but obviously such demonstration of fitness must, at least initially, be made to the sheriff. The trial judge indicated that a hearing by the sheriff was not sought by the petition, and suggested, "better plead it affirmatively." He then stated, "I think if you can show it affirmatively . . . I would tell that sheriff, go ahead, have a hearing. . . ."[1] Litzius' demurrer was submitted for decision.

The superior court thereafter entered a minute order which as pertinent, states: "While we agree that the authorities cited by the petitioner support petitioner's contention that a person cannot be deprived of public employment by arbitrary or capricious action of the Superior, and therefore the employee is entitled to a hearing in order to present his case, nevertheless, no cases overrule the established law that Mandamus will not lie to control the discretionary act of a Public Officer. (*City and County of San Francisco* vs *Superior Court,* 53 Cal.2d 236 [1 Cal.Rptr. 158, 347 P.2d 294]; *Faulkner* vs *California Toll Bridge Authority,* 40 Cal.2d 317 [253 P.2d 659].) [¶] Certainly, the action of the Sheriff in appointing or refusing to appoint petitioner to a non-civil service position is discretionary, however, the petitioner does not seek to compel the respondent Sheriff to grant him a hearing or to exercise his discretion. [¶] The petition prays that an alternative writ be issued compelling the Sheriff to reinstate petitioner to the status of Deputy Sheriff and the Alternate Writ requires that respondent Sheriff either reinstate the petitioner to the status of Deputy Sheriff or show cause why such appointment should be made. *The demurrer of respondent Whitmore is sustained with fifteen days to amend.*"

Litzius declined to amend his petition and, as we have indicated, the judgment of dismissal followed.

In his briefs on this appeal Litzius tells us: "The appellant has indeed

[1] It should be made clear that this court does not indicate that even under appropriate pleadings the superior court would have power to order such a hearing for reinstatement of a suspended non-civil service deputy sheriff. For the reasons expressed in this opinion we do not consider that question.

elected at this point not to seek a hearing from Sheriff Whitmore because there is no format controlling such a hearing, and Sheriff Whitmore would be free to conduct a mock trial and come up with an identical result with no way to challenge that type of proceeding. *Therefore, the appellant seeks from the Appellate Court a ruling that the Sheriff of San Mateo County has no right to interfere with his rights to administrative due process in the appellant's relationships with his employer.*" (Italics added.) The question whether Litzius was entitled to a hearing by Sheriff Whitmore, or an inquiry into whether the sheriff acted arbitrarily or capriciously or otherwise transgressed upon constitutional rights, is thus withdrawn from our consideration.

The only issue now posed by Litzius is whether his petition, accepted as true, discloses that the sheriff "has no right to interfere with his rights to administrative due process in appellant's relationship with his employer," the City and County of San Francisco. Stated affirmatively, the contention is that even though the sheriff has cause to conclude Litzius not to be a proper person to serve as deputy sheriff he must nevertheless now be restored to that office.

We first consider Litzius' suggestion that since he now stands suspended, the sheriff must at least return him to his job before discharging him. We are unable to agree; if the sheriff would have been legally permitted to discharge Litzius as a deputy sheriff, he was legally permitted to refrain from restoring him to that position. It would be unreasonable and idle, under the circumstances here, to require the suggested circuitous routine. Litzius' employment was effectively terminated when the sheriff stated that, following an investigation, he had determined "it would not be proper for me to deputize Mr. Litzius at this time. Therefore, I am denying his application." Any other conclusion would prefer meaningless form to substance.

Our inquiry thus narrows to the simple question whether, on the facts pleaded by him, Litzius is, *as a matter of right,* entitled to appointment as a deputy sheriff. We have concluded he is not; our reasons follow.

There can be no vested property right in an appointment to a governmental office, particularly where, as here, civil service tenure is not involved. It was said in *Boyd* v. *Pendegast,* 57 Cal.App. 504, 506-507 [207 P. 713]: "The possession of an office, or the enjoyment of employment with the government, or under any of its agencies, does not confer a vested property right of any quality whatsoever. . . . In general, then, it follows necessarily that under whatever procedure is adopted to work the removal of a person from office, the constitutional question, as to lack of due process of law, cannot be involved. . . . In the absence of regulations fixing the procedure on removal from office, the law defining the term may be looked to in deciding the question. Appointments to hold during the pleasure of the

appointing power may be terminated at any time and without notice; . . ." And in *Parsons* v. *County of Los Angeles,* 37 Cal.App.2d 666, 672 [99 P.2d 1079], it was held: "It is a well-settled rule of law that where there are no restrictive provisions the power of appointment carries with it the power of removal."

■ It is also established that in the absence of contravening civil service rules (and perhaps constitutional considerations which are here withdrawn from us) a county sheriff has "the absolute right to appoint and discharge any and all deputies and other employees required for the conduct of the office" to which he has been elected. (*Cronin* v. *Civil Service Com.,* 71 Cal.App. 633, 636 [236 P. 339].)

■ Government Code section 26608.2, quoted in full, *ante,* provides that San Francisco may *"request"* Sheriff Whitmore to deputize its employees in order that they may perform police duties in San Mateo County. It then states: "The sheriff *may* appoint such deputies." (Italics added.) It is made clear by the statute that a discretion whether to appoint any specific person rests with the sheriff, and that neither San Francisco nor Litzius has a *right* to secure his reappointment.

The soundness of the rule granting a county sheriff wide discretion in the employment, and termination of employment, of his deputies becomes even more apparent when we consider the legal status of the deputy and his relation to the sheriff. *People* v. *Gonzales,*\* 136 Cal.App.2d 437, 441-442 [288 P.2d 588], states "a deputy sheriff is a public officer . . . for the reason that a county officer is a public officer . . .; a sheriff is a county officer, and a deputy sheriff possesses all the powers and may perform all the duties attached by law to his principal's office. . . ." *Foley* v. *Martin,* 142 Cal. 256 [71 P. 165, 75 P. 842, 100 Am.St.Rep. 123], holding that a sheriff may be liable in compensatory damages for the tort of his deputy, states (p. 260), quoting earlier authority, " 'The act constituting the cause of action is that of the defendant [sheriff], and, though done through a deputy, is considered in law as done directly and personally by him.' [Citation.]" More recently in *County of Placer* v. *Aetna Cas. & Surety Co.,* 50 Cal.2d 182, 187 [323 P.2d 753], the same court stated: "A sheriff is responsible for the acts of his deputies, for they are acting in his private service and in his name and stead, and are only public officers through him. The deputy is not the agent or servant of the sheriff but is his representative, and the sheriff is liable for his acts as if they had been done by himself." Government Code section 1504 apparently eliminating such liability for the acts of *civil service* deputy sheriffs, in no way modifies the foregoing rules as applicable to this case.

---

\*Disapproved on unrelated point in *People* v. *McShann* (1958) 50 Cal.2d 802, 808 [330 P.2d 33].

The thrust of Litzius' argument seems to be that his acquittal on the criminal charge, of itself, established fitness for his former office, regardless of what other information the sheriff's investigation disclosed. This reasoning is patently unsound. An acquittal of a criminal charge is required unless the jury is convinced of guilt beyond a reasonable doubt. No such standard for proof of unfitness could reasonably be required for dismissal of a non-civil service deputy sheriff. Sheriff Whitmore's investigation may have disclosed culpability falling short of the charged felony. Or the filing of the charge may have triggered a more complete investigation of Litzius than was made prior to his initial appointment as deputy sheriff. In *Ludolph v. Board of Police Comrs.*, 30 Cal.App.2d 211 [86 P.2d 118], a police officer was acquitted of a criminal charge. Upholding the board's refusal thereafter to restore him to his former position the court stated (p. 217): "While his acquittal of the charges of that body [the grand jury] absolves him of criminal liability, it could neither serve to diminish nor extend the duty of the board in the premises. . . . If the acts of an officer tend to impair the respect and confidence of the public in its police force, such conduct even though it be not of a criminal nature, may wholly destroy his usefulness in the department." (See also *Skaggs* v. *Horrall*, 83 Cal.App.2d 424 [188 P.2d 774].)

It follows, granting *arguendo* the truth of Litzius' petition for mandate, that he is not as a matter of law entitled to appointment as a deputy sheriff. And, of course, as stated by the trial court, mandamus is not available to compel the exercise of a public officer's discretion in a particular manner. (*Hollman* v. *Warren*, 32 Cal.2d 351, 355 [196 P.2d 562].)

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.